LOTTINGER, Judge.
On September 16, 1965, the plaintiff, Paul Wall, filed the instant suit, an action in tort, naming as defendant Sun Insurance Company of New York. The petition alleged that the plaintiff’s truck, while being operated by one of his employees on June 26, 1965, was struck by a 1963 Chevrolet sedan being operated by one Ferdie Soileau. The petition further alleged that at the time of the accident, the defendant had in force and effect a policy of bodily injury and property damage liability insurance which afforded coverage to Ferdie Soileau and the automobile which he was operating. The petition alleged that the sole proximate cause of the accident was the negligence of the said Ferdie Soileau and that the defendant was therefore liable for the negligent actions of its assured. Several items of damage were set forth in the petition, some for property damage and others for loss of earnings and rental of the truck belonging to the petitioner.
On September 17, 1965, service of the petition and citation was made upon an Assistant Secretary of State by the Sheriff of the Parish of East Baton Rouge, Louisiana, the defendant being a foreign corporation. Thereafter, on October 8, 1965, the minutes of the Trial Court reflect that a preliminary default was entered against the defendant by reason of its having failed to appear or answer. On October 18, 1965, the minutes of the District Court reflect that the preliminary default was confirmed, and the Trial Judge rendered judgment in favor of the plaintiff and against the defendant in the amount of $4,000.00 for property damage and for $5,000.00 for loss of use and wages. It is from this judgment that the defendant has suspensively appealed to this Court.
The specifications of error assigned by the appellant are:
1. That the Trial Court erred in confirming a default judgment on proof made prior to expiration of two days from the entry of the default.
2. The Trial Judge erred in confirming a default judgment on hearsay evidence consisting of copies of accident reports, repair estimates and letter of insurance coverage.
3. The Trial Judge erred in confirming a default judgment for an amount for loss of wages not demanded in the petition.
4. The Trial Judge erred in confirming a default judgment against an automobile public liability insurer for an amount in excess of the policy limits.
With reference to the second specification of error urged by the appellant, relative to the Trial Judge’s error in confirming a default judgment on hearsay evidence consisting of copies of the accident report, repair estimates, and letter of insurance coverage, we note that the record contains a copy of the accident report, a copy of the repair estimate and a form letter from the Casualty and Surety Division of the Louisiana Insurance Rating Commission dated *715 September 8, 196S, addressed to the secretary of counsel for plaintiff. This form letter introduced by plaintiff purports to show that there was a policy of public liability and property damage insurance issued in the name of Ferdie Soileau on a 1963 Chevrolet automobile, by the Sun Insurance Company of New York, the defendant herein. While the record itself is devoid of any indication as to what oral testimony, if any, was adduced by the plaintiff at the time of the confirmation of default, appellee, in his brief, states that the persons who testified at the time of the confirmation were Mr. Dubroc, an employee of the plaintiff who was the driver of the truck involved in the accident; a Mr. Guillory, the parts manager of Ideal Chevrolet Company in Marks-ville, Louisiana, who apparently repaired or was in the process of repairing the plaintiff’s truck, and the plaintiff himself, Mr. Wall. As we have stated, the record does not reflect that this testimony was adduced but for purposes of our discussion of this particular assignment of error on the part of the appellant, we will assume that those persons set forth in appellee’s brief and listed above, did in fact testify. Assuming that Mr. Dubroc testified with reference to the facts surrounding the happening of the accident itself, and Mr. Guillory testified relative to the repair of the truck, and that Mr. Wall testified relative to the damage sustained by him by reason of his loss of use of his truck, there still remains one most important fact which must have been proven satisfactorily by the plaintiff in order for him to recover. That is the fact that defendant, Sun Insurance Company of New York, was in fact the public liability and property damage insurer of Ferdie Soileau and/or his automobile at the time of the accident.
In the case of Smith v. Doyle, et al., 160 So.2d 791 (1964) the Third Circuit Court of Appeal, in discussing the sufficiency of the proof required in connection with confirmation of a default judgment, made the following statement:
“ * * * Under LSA-Code of Civil Procedure, Art. 1702, ‘judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case.’ But this prima facie case must be established by competent evidence. Plaintiff assumes the burden of proving the essential allegations in his petition as fully as if they had been specifically denied. He must make his claim certain; to make it probable is not enough. Carr v. Williams, La.App., 145 So.2d 611, and cases cited therein.”
We agree with this statement, and believe it succinctly sets out the requirements of the law relative to confirmation of a preliminary default.
As we have stated previously, although the record is devoid of any indication that there was any oral testimony adduced at the time of the confirmation, we will assume for purposes of discussion of this particular specification of error that all of the persons detailed in appellee’s brief, as set out above, testified in support of plaintiff’s claim. After having made all of these assumptions and accepted as true all of the statements that were made by appellee in his brief, even those unsubstantiated by the record, there still remains one outstanding allegation of the petition that has obviously not been established by competent evidence, and that is the allegation' in the petition relative to the defendant’s being the liability and property damage insurer of Mr. Soileau at the time of the accident. The only evidence contained in the record tending to establish the relationship between the defendant and Mr. Soileau is a letter purportedly from the Casualty and Surety Division of the Louisiana Insurance Rating Commission. This letter is a form letter, the major portion of which is printed, with the applicable blanks having been filled in by typewriter. The letter is signed by an unmarried woman whose title position, if any, in the Casualty and Surety Division is not disclosed. As stated in the case of Smith v. Doyle, supra, the judgment of default must be confirmed by proof of the *716 demand sufficient to establish a prima facie case, and this prima facie case must be established by competent evidence. Applying the test established in the Smith v. Doyle, that is, would the introduction of this letter have been sufficient to prove the plaintiffs allegation as to the contract of insurance between the defendant and Soileau if the defendant had specifically denied that allegation, leads us to the inevitable conclusion that the letter would have been grossly insufficient to establish that proof. It is also grossly insufficient to establish even a prima facie case of the alleged relationship between the defendant and Mr. Soileau. The letter can hardly be classified as competent evidence, it obviously being pure hearsay. The best evidence of the contractual relationship between the defendant and Mr. Soileau, if any, is the policy of insurance itself.
This is a direct action against the defendant, with Mr. Soileau not being a party thereto, and therefore making it even more crucial that the alleged contractual relationship between the defendant and Mr. Soileau be clearly and definitively proven. We therefore hold that the proof contained in the record relative to the alleged contract of insurance is insufficient to support the judgment granted by the Trial Judge.
The appellant’s brief contains other specifications of error relative to, inter alia, the alleged error on the part of the Trial Court in permitting the plaintiff to introduce evidence at the time of the taking of the preliminary default which normally should have been introduced at the time of the confirmation of default, but in view of our determination of the second specification of error, we need not concern ourselves with these other specifications.
For the above and foregoing reasons, the judgment of the Trial Court is reversed and this matter is hereby remanded to the Trial Court for further proceedings according to law, the plaintiff-appellee to pay all costs of this appeal.
Judgment reversed and remanded.