LANDRY, Judge.
Defendant, Enoch H. Hines, takes this appeal from a confirmation of default judgment rendered in favor of plaintiff, Baker Finance Co., Inc. and against appellant in the sum of $20,191.32, together with legal interest an attorney’s fees. The sole question presented herein is whether proper and sufficient proof was adduced by plaintiff in support of its claim in the court below. We find no error in the proceedings had in the trial court and affirm the decree herein appealed.
On October 27, 1967; plaintiff instituted suit against defendant seeking judgment in the sum of $30,217.33. Plaintiff’s petition avers said sum is owing by virtue of defendant’s delinquency in remitting the balance due oil 251 sales finance accounts sold to plaintiff by defendant upon either defendant’s endorsement or personal guarantee of payment. After being personally served with process, defendant, on January 3, 1968, applied for and was granted a delay until January 30, 1968, in which to answer plaintiff’s demand. Admittedly, defendant failed to answer within the extension granted. On January 31, 1968, the day following expiration of defendant’s said extension, plaintiff entered a preliminary default against defendant and confirmed same on February 16, 1968. The judgment in question cast defendant in the amount prayed for by plaintiff subject to credits accumulated after suit was filed.
The record contains no transcript of the testimony offered by plaintiff in support of its claim. Defendant’s attempt’s to compile a narrative of facts mutually agreeable to plaintiff met with no success. Conformable with La.C.C.P. Article 2131, defendant requested the trial court to submit a *333 narrative which appears of record. Said relation of facts shows on its face that the trial court could not recall in detail the testimony of the single witness offered by plaintiff on confirmation of the default.
In essence plaintiff’s claim is based on the alleged purchase from defendant of 251 sales finance accounts shown on an itemized statement attached to plaintiff’s petition. It is expressly alleged in Article 3 of the petition that “The defendant, Enoch H. Hines, personally endorsed and guaranteed the payment upon each of these said two hundred fifty-one (251) sales finance accounts.” The remainder of the petition recites merely that each account is delinquent in amounts aggregating $34,363.35, subject to a credit of $4,145.92 and avers amicable demand, without avail.
The thrust of appellant’s argument is that the petition in effect alleges defendant’s liability on each contract by virtue of his having agreed to pay the obligation of a third party, namely, the maker of each note purchased by plaintiff. On this premise it is contended the petition and proof is defective in that it is not alleged whether the “guarantee” was contained in a separate written instrument, or by endorsement of the individual notes or was oral in nature. Appellant then argues that such a guarantee must be in writing, the best evidence of which would be the document itself. Appellant also maintains parol evidence is not admissible to prove a written instrument unless it be first established the instrument is lost, has been destroyed or is otherwise unavailable. Additionally, appellant contends that upon confirmation of default, plaintiff must establish his cause by competent evidence and may not enlarge the pleadings by producing evidence beyond the allegations of his petition. So contending, appellant argues first there is no proof of record of any written guarantee by defendant, nor is it alleged such a written guarantee was given but is no longer available thereby making parol evidence of such admissible. Thus, according to defendant, plaintiff failed to establish the existence of a written agreement to pay the notes of another. Moreover, according to appellant, parol evidence is not admissible to show such an agreement, therefore if parol testimony was adduced by plaintiff of such an undertaking, it was erroneously admitted by the trial court, first, because it improperly enlarged the pleadings and secondly, because parol evidence is not admissible for such purpose. Defendant then proceeds to cite copious authorities in support of the principles that pleadings cannot be enlarged on confirmation of default; that even though no objection is entered, no evidence offered by plaintiff is entitled to weight on confirmation of default except such as is covered by the allegations of the petition; that on confirmation of default the law opposes on behalf of defendant every objection to plaintiff’s evidence that defendant could properly enter were defendant present, and that parol evidence is inadmissible to establish a promise to pay the obligation of another.
Defendant recognizes the well established rule that default judgments are presumed to have been founded on competent evidence where the record contains no transcript of testimony. Appellant insists, however, said presumption is without application herein because the trial court has supplied a narrative of facts for the record. Therefore, according to defendant, the judgment should be reversed because there is no showing of a written promise to pay. Moreover, according to appellant, some of the notes bear no signature or endorsement connecting him with the alleged transfer of accounts in any way.
The judgment in question recites that due proof of his claim was offered by plaintiff and the evidence adduced favored judgment for petitioner. In view thereof, the following pronouncement contained in Gilman v. Babin, La.App., 195 So.2d 737, appears pertinent:
“Article 1702 of the Louisiana Code of Civil Procedure, relative to default *334 judgments, provides in part that ‘judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case.’ The settled jurisprudence of this state is to the effect that where it is expressed in the default judgment that it was confirmed and made final on due proof of the plaintiff’s demands, it will be presumed that legal and sufficient evidence was produced before the Judge and that the judgment is correct. Vehrs v. Jefferson Insurance Company, La.App., 168 So.2d 873; Lindsley-Feiber Motor Company v. Brumfield, La.App., 111 So.2d 555; Harris v. Womack, La.App., 83 So.2d 541; Massey v. Consumer’s Ice Company of Shreveport, Inc., 223 La. 731, 66 So.2d 789.”
Appellant contends, however, the presumption recognized by the above cited authority is inapplicable herein considering the narrative of facts made by the trial court. The existence of said narrative, according to appellant enables this court to closely scrutinize all proceedings had in the court below. Said narrative, in its entirety, reads as follows:
“Pursuant to the provisions of LSA-CCP, Article 2131, the trial judge in this matter furnishes a written narrative of facts as is required where the testimony of the witnesses was not taken down and respective counsel have not agreed upon a statement.
This matter came up on a confirmation of default and only one witness, Mr. Carter Stafford, manager of plaintiff concern, testified as to the nature of the indebtedness. The Court is unable to recall in detail his testimony, however, the witness stated that the finance company had purchased a group of sales finance accounts held by the defendant which transaction was made on assignment of account. The witness identified the instruments or documents in bulk which were then introduced in evidence. He further declared the balance remaining on these accounts and judgment was granted as prayed for, subject to credits accumulated after suit was filed.”
Obviously our brother below made every attempt to narrate the testimony offered to the best of his ability to recall. Also patent on the face of the narration is its admitted incompleteness. Considering the narrative does not purport to include the entirety of evidence offered, it affords a reviewing court little or no basis upon which to judge its validity. Considering also the circumstances that the judgment assailed herein recites due proof was submitted in support thereof, we have no alternative except to apply the presumption of validity accorded to it under our law. Evidently the totality of evidence submitted by plaintiff established a prima facie case in plaintiff’s favor. Certainly, nothing in the record before us affirmatively shows the opposite. Our conclusion in this regard is strengthened by the fact that credit in a considerable sum was given for amounts remitted by defendant subsequent to institution of suit. Under the circumstances it must be presumed plaintiff offered due and sufficient proof of the remainder.
Defendant attacks, at length, the competency and admissibility of the evidence which they assert plaintiff introduced in support of the demand herein. They contend, inter alia, any use by plaintiff of pa-rol or hearsay evidence to establish defendant’s liability on a written instrument not bearing defendant’s signature or endorsement, should have been excluded by the trial court. The same position is taken with respect to plaintiff’s attempt to prove defendant’s liability for the debt of a third party.
Relying primarily upon Wall v. Sun Insurance Company of New York, La.App., 189 So.2d 713, and Smith v. Doyle, La.App., 160 So.2d 791, defendant maintains the requirement of competency of proof is as rigidly maintained in default proceedings as in contested matters. So contending, defendant argues the trial court erred in *335 confirming his liability herein on testimony which was both inadmissible and insufficient to make out a prima facie case as required by LSA-C.C.P. Article 1702.
We find the Wall case, supra, inapplicable herein. In the cited authority default judgment was confirmed against an insurer who allegedly insured one Soileau, a tort feasor whose negligence caused plaintiff’s injuries in an automobile accident. Upon confirmation the only evidence of the insurer’s alleged coverage was a form letter issued by the Casualty and Surety Division of the Louisiana Insurance Rating Commission to the effect the insurer had issued such a policy to Soileau. This court held such evidence incompetent, standing alone, to establish the alleged insurer’s liability considering the evidence was hearsay of little evidentiary value.
The rationale of the Smith case, supra, appears identical to that of Wall, supra. In the Smith case, supra, default was confirmed on the introduction of documents by a plaintiff who also sustained damages due to an automobile accident. Upon review of an apparently complete record, our brothers of the Third Circuit reversed a default judgment when it appeared based solely on hearsay documents consisting of a repair estimate, a letter from an attending physician and a statement from a clinic.
We find Wall and Smith, supra, as well as other authorities cited by defendant, clearly distinguishable from the case at hand in that the cited authorities show on their faces the acceptance of inadmissible evidence in support of plaintiffs’ claims. No such circumstance exists in the case at bar. Nothing in the record herein indicates the receipt of improper or inadmissible evidence. The record as constituted herein contains some evidence in the form of notes and other documents in writing. There is absolutely nothing in the record before us indicative of the receipt or admission of improper or inadmissible evidence. Defendant’s assertions to the contrary are purely speculative and conjectural. Inasmuch as the record herein is incomplete and the judgment appealed recites due proof was offered in support of plaintiff’s demand, it is more probable than not that plaintiff’s offerings were proper and admissible. Nothing on the face of the record herein refutes the presumption of validity to which the judgment is entitled. Consequently the judgment in question must be presumed valid. LSA-C.C.P. Article 1702; Securities Finance Company v. Anderson, La.App., 165 So.2d 624. We believe the instant case graphically illustrates the wisdom of the rule which presumes a default judgment to be valid unless its invalidity be shown on the face of the record.
 We likewise find no merit in defendant’s contention that plaintiff exceeded the allegations of his petition in presenting his case. No such specific transgression is cited by defendant. On the contrary, we find the petition sufficiently identifies the parties concerned, and clearly states why defendant should be condemned in the amount prayed for. We find the petition conforms with the requirements of LSA-C.C.P. Article 854 which requires no technical form of pleading but rather that all allegations of fact be stated simply concisely and directly in numbered paragraphs.
Furthermore, we observe that many of the notes appearing in evidence are made payable to either “Capital Sewing Center” or “Sewing Service”. Our calculations show that notes so payable have been endorsed, with full recourse, either “Capital Sewing Center, by E. H. Hines” or “Sewing Service, by E. H. Hines”, in face value exceeding the amount of the judgment herein rendered against defendant-appellant.
Accordingly, the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.