329 So.2d 862 (1976)
Succession of Walter P. ROCK, Jr.
v.
ALLSTATE LIFE INSURANCE COMPANY.
No. 10585.
Court of Appeal of Louisiana, First Circuit.
March 1, 1976.
Rehearing Denied April 12, 1976.
Writ Granted June 4, 1976.
*863 Christopher E. Lawler, New Orleans, for appellant.
Allen A. McElroy, Jr., Berwick, for appellee.
Before LANDRY, COVINGTON and PONDER, JJ.
LANDRY, Judge.
Allstate Life Insurance Company (Appellant), a foreign insurance company licensed and registered to do business in this state, appeals from a default judgment rendered against it in the sum of $10,000, in favor of plaintiff Martha C. Rock (Appellee), Administratrix of the Estate of Walter P. Rock, Jr. (Decedent), for accidental death insurance benefits allegedly due on a policy issued on the life of Decedent. Appellee has answered the appeal seeking damages for frivolous appeal. We reverse and dismiss Appellee's suit without prejudice and deny Appellee's claim for damages for frivolous appeal.
The issues on appeal are (1) the adequacy of service upon Appellant through the Secretary of State; (2) the degree and nature of proof required to sustain a judgment by default, and (3) the effect of Appellant's failure to answer certain requests for admissions posed by Appellee.
The present record consists solely of Appellee's verified petition with accompanying interrogatories, Decedent's death certificate, an affidavit by Appellee and Appellee's request for admissions. The petition recites that Decedent was employed by Petrolane, Inc. at the time of his death and was covered by a group life and accidental *864 death policy issued by Appellant on Petrolane's employees. The death certificate lists inhalation of butane gas as the cause of Decedent's demise and notes that Decedent was found dead at his home beside an empty butane gas cylinder, and that Decedent had a history of butane gas inhalation. All other facts necessary to establish Appellee's right to default judgment are established by virtue of Appellant's failure to answer Appellee's request for admissions.
Appellee's petition with attached death certificate and interrogatories, was filed March 10, 1975. Upon defendant's failure to answer, Appellee entered a preliminary default on April 1, 1975. On April 10, 1975, Appellee filed a request for admissions of fact. The preliminary default previously taken was confirmed on May 1, 1975. No pleadings were filed by Appellant until July 14, 1975 when Appellant devolutively appealed.
In effect Appellant challenges the jurisdiction of the court over Appellant's person on the ground the record contains no proof of notification to Appellant of the pendency of the action. Pertinent to this issue, we cite LA-R.S. 22:985, which states:
"Every foreign or alien insurer shall appoint the secretary of state to be its true and lawful attorney in this state upon whom, or some other person in his office during his absence he may designate, all lawful process in any action or proceeding against such insurer may be served, which shall constitute service on such insurer. Such appointment shall continue in force so long as any contract or other liability of such insurer in this state shall remain outstanding. Whenever such process shall be served upon the secretary of state he shall forthwith forward a copy of the process by prepaid registered mail to the person designated for the purpose by the insurer."
Appellant contends that although the record shows service upon the Secretary of State in accordance with Section 985, above, there is no evidence of record that the Secretary of State actually forwarded a copy of the process as required. It is significant, however, that Appellant does not allege either failure of the Secretary of State to forward process to Appellant, or Appellant's failure to receive such notice, but suggests only that such proof does not appear of record.
Appellant argues that Section 985, above, is synonymous with R.S. 13:3474, 3475 (the nonresident motorist statute), which in general provides for appointment of the Secretary of State as agent for service of process upon all nonresident motorists operating motor vehicles within the state and who become involved in an accident on the public highways of the state. In this regard, Appellant notes that Section 3475, above, provides such service is sufficient to vest the courts of this state with personal jurisdiction over nonresident defendants:
"provided that notice of such service, together with a copy of the petition and citation are forthwith sent by registered mail by the plaintiff to the defendant, or are actually delivered to the defendant and defendant's returned receipt, in case notice is sent by registered mail, or affidavit of the party delivering the petition and citation in case notice is made by actual delivery, is filed in the proceedings before judgment can be entered against said defendant."
It is Appellant's position that the requirement of proof of actual notice required to vest the courts of this state with personal jurisdiction over nonresident motorists should also apply with respect to nonresident insurers. We note that LA-R.S. 22:1253(B), providing for service of process on foreign insurers transacting business in this state without a certificate of authorization, contains substantially the same provisions as Section 3475, above.
We find no Louisiana authority dealing directly with the question of necessity *865 of proof of actual notice as an indispensable prerequisite to personal jurisdiction over a foreign insurer authorized to transact business in this state. We find that no such requirement is mandated either by LA-R.S. 22:985 or the jurisprudence dealing with sufficiency of service to fulfill the due process requirements of state and federal constitutions.
The pertinent law clearly states that service upon the Secretary of State constitutes service on the insurer. Unlike R.S. 13:3475, 13:3480 and 22:1253(B), LA-R.S. 22:985 does not condition efficacy of service on further acts of notification by plaintiff in suit. Under Section 985, above, service is complete when made on the Secretary of State irrespective of whether that official performs the ministerial task of forwarding notice to the insurer concerned.
It appears that the distinction between LA-R.S. 22:985 and the other above mentioned statutes rests upon conceptual and practical differences between the nature of the defendants involved in each instance. Subject statute applies exclusively to foreign insurers duly certified, upon their own voluntary action, to transact business in this state. Before such an insurer can be so certified and licensed, it must appoint the Secretary of State as its agent for service of process. The authority of a state to impose such a condition upon a foreign insurer is clearly supported by both federal and state jurisprudence. See St. Clair v. Cox, 106 U.S. 350, 1 S.Ct. 354, 27 L.Ed. 222; Morrison v. New Hampshire Insurance Company, 249 La. 546, 187 So.2d 729. In this regard, the foreign insurer knows beyond doubt that the Secretary of State is its agent for service of legal process and the Secretary of State has the insurer's registration records which at least presumably contain information sufficient to enable actual notification.
The case of the nonresident motorist or uncertified insurer is vastly different. In these instances the Secretary of State is no more capable than plaintiff to give actual notice to the defendant. While a nonresident motorist and unregistered foreign insurer may be presumed by law to know the Secretary of State is their agent, neither has factual notice as does the registered foreign insurer. Because of this difference, we believe constitutional due process requirements do not demand more than service on the Secretary of State as regards defendants of the latter category.
It appears the legislature had this distinction in mind in enacting LA-R.S. 22:985. We see no reason to impose the further condition urged by Appellant. Our conclusion is amply supported by the law on the subject as set forth in 20 A.L.R.2d 1181, and the authorities therein cited, from which we quote from pages 1182 and 1185 as follows:
"A statute, applicable to a foreign corporation, providing for alternative service of process on a state officer, need not provide expressly for communication by the officer to the corporation of the fact of service, and even though it does so provide the officer, if the statute, reasonably construed, so contemplates, may be regarded as the representative of the defendant, rather than of the plaintiff, so that the defendant is not prejudiced, and the service is not invalidated, by the neglect or mistake of the officer in performing his duty under the statute. In any event, in such a case, a duty of the officer to notify the corporation will be presumed to have been properly performed, in the absence of evidence to the contrary. 23 Amjur. 530, Foreign Corporations § 506; annotation in 89 A.L.R. 668-670."
"A statute which permits service of process upon a designated agent of a nonresident or foreign corporation by delivery alone to that agent, without conditioning service upon actual notification of the defendant, even though it contains language which assumes that the agent, in the complete performance of his duties, *866 will make such notification, cannot be construed to afford relief against a default judgment based upon delivery of process to the agent upon the sole ground that the defendant was not actually notified, but relief, if obtainable, must be predicated upon a special showing."
One who seeks reversal of a default judgment on appeal must allege and prove good reason for his nonappearance and failure to assert an available defense. De Frances v. Gauthicr, 220 La. 145, 55 So.2d 896; Young v. Warner, La.App., 283 So.2d 547. As noted above, Appellant does not allege its failure to receive actual notice from the Secretary of State. Neither does Appellant advance any other reason for its failure to answer Appellee's suit.
To confirm a judgment by default plaintiff must prove the essential elements of his claim by competent evidence and with legal certainty, as fully as though each allegation has been specifically denied. Wall v. Sun Insurance Co. of New York, La.App., 189 So.2d 713.
A judgment of default is presumed to have been rendered upon sufficient evidence unless the contrary appears of record. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875; Baker Finance Co. v. Hines, 255 La. 971, 233 So.2d 902.
The presumption that a default judgment is founded on sufficient evidence is merely a prima facie presumption and thus may be overcome by evidence to the contrary.Baker Finance Co. v. Hines, above.
In this instance, we find the presumption of sufficiency of proof has been rebutted by the concession of counsel for plaintiff (contained in counsel's brief), that the record contains all of the evidence introduced upon confirmation of the default. In this regard, counsel's brief recites:
"The undersigned specifically refers this Court to the evidence produced at trial which shows that the judgment was not based solely on unanswered request for admissions of fact but in fact was based upon three different modes of fact: 1. The testimony of Martha C. Rock, Administratrix of the Succession of Walter P. Rock, Jr. and sister of the decedent; 2. The certified copy of the Death Certificate; and 3. Unanswered request for admissions of fact."
Appellant challenges the sufficiency of plaintiff's evidence on the ground that proof was necessarily inadequate, inasmuch as the insurance contract was not introduced of record. This contention is based on the "best evidence rule" which requires a claimant suing on a written document to produce the document in evidence.
We must, therefore, determine whether the evidence offered below was competent. LA-R.S. 15:436 recites that the best evidence of a party's claim which is in a party's control must be produced. The foregoing rule is extended by LA-R.S. 15:437 which provides that matters which can be proved only by written evidence may not be established by parol, except where it is shown that the document has been lost, destroyed or is in the hands of the adverse party who has failed to produce it after reasonable notice. Also pertinent are the provisions of LA-C.C. Article 2276, which recite that parol evidence is inadmissible to vary, contradict or otherwise alter a written instrument.
In this instance, competent evidence (the "best evidence") of plaintiff's claim under an insurance policy is the policy itself. Parol or secondary evidence to establish policy provisions was admissible herein only upon plaintiff's first showing the policy was either lost, destroyed or unavailable from defendant. Breaux v. Laird, 230 La. 221, 88 So.2d 33; Succession of Hilton, La.App., 165 So.2d 332; Clay v. Liberty Industrial Life Insurance Co., La.App., 157 So. 838.
The record shows Appellee failed to lay the foundation necessary to permit *867 parol evidence to establish the existence and vital content of the insurance contract sued upon. There is no contention that the policy has been lost. Appellee explains the absence of the policy from the record merely by noting Decedent was never supplied with a copy, and that Decedent's employer, who is not a party to this action, refused to furnish a copy on request of counsel. It is not contended that Appellee sought production of the policy by Appellant by available discovery devices. We find that Appellee failed to adequately establish need for reliance upon secondary evidence to prove the existence or content of the policy. Since the record shows Appellee's failure to establish an essential element of his case, the default judgment cannot stand. Ascension Builders, Inc. v. Jumonville, above.
Appellee cites LA-C.C.P. Article 1496 in support of the contention that the best evidence rule is inapplicable herein because of Appellant's failure to answer Appellee's request for admissions concerning the insurance contract. The cited codal authority pertinently provides as follows:
"Art. 1496. Admission of facts and of genuineness of documents
After commencement of an action a party may serve without leave of court upon any other party a written request for the admission by the latter of the genuineness of any relevant documents described in and exhibited with the request or of the truth of any relevant matters of fact set forth in the request. Copies of the documents shall be served with the request unless copies have already been furnished. Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than fifteen days after service thereof or within such shorter or longer time as the court may allow on motion and notice, the party to whom the request is directed serves upon the party requesting the admission either:
(1) An affidavit denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters, or
(2) Written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part. . . ."
Article 1496, above, has been interpreted by our Supreme Court as comparable to the federal rule from which it derived. In Voisin v. Luke, 249 La. 796, 191 So.2d 503, the Supreme Court noted that the purpose of the statute is to require admission of matters which ought to be admitted, or which will not be disputed at trial in order to avoid the unnecessary utilization of time and expenditure of funds to establish such issues. The statute may not, however, be invoked to establish a controversial issue which constitutes the crux of the matter in litigation.
In this instance several crucial issues are directly related to the alleged policy existence and content, namely: (1) whether Appellant had a group life and accidental death policy in effect and covering Petrolane employees at the time of Decedent's demise; (2) whether Decedent was covered by such a policy; (3) the scope of coverage of such a policy, and (4) the monetary extent of coverage provided. The only evidence offered to establish these vital issues was the affidavit of the Appellee and the unanswered request for admissions.
We have herein previously shown that Appellee's verbal testimony and affidavit was inadmissible to prove policy existence and content because the proper foundation was not laid for receipt of such evidence. Voisin v. Luke, above, makes it crystal clear that the unanswered request for admissions does not constitute proof of the questions of policy existence and content because such issues address themselves to the very heart of Appellee's claim. See *868 also Trane Company v. Bellevue Baptist Church of Metairie, La.App., 233 So.2d 13; Champagne v. Marmande, La.App., 162 So.2d 220.
Inasmuch as the record before us establishes a lack of competent evidence to sustain Appellee's preliminary default, the judgment appealed must be reversed and set aside. Ascension Builders, Inc. v. Jumonville, above.
In view of the conclusion reached, it is unnecessary that we consider Appellee's answer to this appeal claiming damages for frivolous appeal.
It is ordered, adjudged and decreed that the judgment rendered below be and the same is hereby annulled, reversed and set aside, and judgment rendered herein in favor of Defendant, Allstate Life Insurance Company, and against Plaintiff, Martha C. Rock, Administratrix, Succession of Walter P. Rock, Jr., dismissing said plaintiff's demand, without prejudice, all costs of these proceedings to be paid by plaintiff, Appellee.
Reversed and rendered.