347 So.2d 1277 (1977)
BONFOUCA INVESTMENT CORPORATION
v.
Jack EUBANKS.
No. 11356.
Court of Appeal of Louisiana, First Circuit.
June 13, 1977.
Gus A. Fritchie, Jr., Slidell, for plaintiff-appellee.
Ronald W. Guth, Slidell, for defendant-appellant.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
COVINGTON, Judge.
This matter is before us on an appeal from the confirmation of a default judgment rendered by the trial court against the defendant, Jack Eubanks.
It arose from a suit on a contract of lease (actually a sub-lease) and for sequestration. Bonfouca Investment Corporation, the plaintiff-appellee, sued Jack Eubanks, the defendant-appellant, on May 19, 1976, for the sum of $45,640.00, together with interest and attorney's fees for past due rent and rent becoming due under an acceleration clause in the lease. The plaintiff also asked that its lessor's privilege be protected by a writ of sequestration. An order of the Court to that effect was signed on May 20, 1976. The defendant was personally served on June 1, 1976. The record does not reflect that the defendant filed an answer. The minutes of the Court show that preliminary default judgments were entered *1278 against the defendant on June 18, 1976, and also on September 9, 1976. On September 17, 1976, the plaintiff confirmed the default. The evidence offered on the confirmation was the petition, the original lease between the plaintiff and the defendant which was signed by them on December 30, 1975, the sheriff's return showing personal service on the defendant on June 1, 1976, the minute entry showing the entry of a preliminary default on September 9, 1976, the testimony of David E. Cooley, Jr., and a lease, affecting the same premises, from the plaintiff to C. J. Price, dated September 3, 1976, at a lesser rental rate. The trial judge rendered judgment on the aforementioned evidence, showing that a preliminary default was entered on June 18, 1976,[1] in favor of the plaintiff, Bonfouca Investment Corporation, and against the defendant, Jack Eubanks, in the sum of $9,940.00, together with interest and attorney's fees. The defendant has appealed this judgment. We reverse.
In order to confirm a judgment by default, the plaintiff must prove the essential elements of the claim by competent evidence with legal certainty, as fully as though each allegation was specifically denied by the defendant. Wall v. Sun Insurance Co. of New York, 189 So.2d 713 (La.App. 1 Cir. 1966), writ den. 249 La. 764, 191 So.2d 141.
While there is a presumption that a judgment by default was rendered upon sufficient evidence, this is merely a prima facie presumption and it may be overcome by evidence to the contrary. Baker Finance Co. v. Hines, 255 La. 971, 233 So.2d 902 (1970).
LSA-C.C.P. art. 1702 provides:
"A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of the holidays, from the entry of the judgment of default.
"When the sum due is on an open account, promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required."
Our review of the record convinces us that the plaintiff has failed to offer proof of its demand "sufficient to establish a prima facie case."
This was a suit on a lease. It was offered in evidence. The lease specifically provides that in order for the lessor to accelerate the rent payments, as the lessor does in this suit, he must give prior notice to the lessee. There is no evidence in the record that such notice was given. The lease refers to the primary lease, between the sub-lessor (lessor herein) and its lessor, to which the lease sued upon is subject. That primary lease was not presented in evidence. The record does not reflect that Mr. Cooley was authorized by the corporation to enter into the lease, or sub-lease, with the defendant. In this connection, it is interesting to note that the re-lease of the premises to Price is signed by David E. Cooley, Jr., individually and as president of the corporation, and by Harry C. Sherman III who, the Eubanks contract states, was one of the original lessees, along with Cooley and Donald Nyberg, from one Bill Allen.
It is also necessary to point out that there was no proof of the signature of the defendant, Eubanks. The lease agreement was in the form of a private act acknowledged by one of the subscribing witness. An inverse interpretation of the last sentence of LSA-C.C.P. art. 1702 indicates that it is only where a negotiable instrument forms the basis of the demand that proof of signature is dispensed with in proving a judgment by default.
We feel that the plaintiff has failed to offer sufficient evidence to establish a prima facie case for a default judgment.
*1279 For the foregoing reasons, the default judgment is reversed and the case is remanded to the district Court for proceedings consistent with this opinion. Costs of this appeal are assessed to the plaintiff-appellee. All other costs are to await final disposition.
REVERSED AND REMANDED.
NOTES
[1] However, the evidence offered on confirmation was the September 9, 1976, preliminary default.