352 So.2d 397 (1977)
ACME POSTER ADVERTISING COMPANY, Plaintiff-Appellee,
v.
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS, Defendant-Appellant.
No. 6142.
Court of Appeal of Louisiana, Third Circuit.
November 17, 1977.
Jonathan C. Harris, Norman L. Sisson, William W. Irwin, Jr. by Jonathan C. Harris, Baton Rouge, for defendant-appellant.
Whitehead & McCoy by C. R. Whitehead, Jr., Natchitoches, for plaintiff-appellee.
Before HOOD, CULPEPPER and GUIDRY, JJ.
HOOD, Judge.
Acme Poster Advertising Company instituted this suit against the State of Louisiana, through the Department of Highways, for damages resulting from the alleged unauthorized removal of some highway billboard signs owned by plaintiff. A default judgment was rendered in favor of plaintiff. Defendant filed a motion for a new trial which was denied, and defendant thereupon appealed.
The overriding issue presented in the case is whether the signs for which plaintiff seeks to be compensated were located on private property as contended by plaintiff, or whether they were located on a state-owned highway right-of-way as contended by defendant. The specific issues to be determined on this appeal are whether the evidence is sufficient to support the default judgment which was rendered by the trial court, and whether the trial court erred or abused its discretion in denying defendant's motion for a new trial.
For a period of at least 16 years prior to January, 1976, plaintiff owned and maintained nine billboard signs on or near the right-of-way of U. S. Highway 171, in Vernon Parish. The signs were removed on or about January 23, 1976, without plaintiff's permission. Plaintiff contends that the signs were located on private property, that they were removed by defendant or its employees without authority, and that defendant is liable to plaintiff for the damages it *398 sustained as a result of that action by the Highway Department.
This suit was instituted on February 19, 1976, and service of process was made on defendant the next day. A preliminary default was entered on March 16, and that default was confirmed in open court before the late Judge Stewart S. Kay on March 24, 1976. A default judgment in favor of plaintiff was signed by Judge Kay on the last mentioned date. Notice of that judgment was served on defendant, and thereafter the state timely filed a motion for a new trial.
A hearing on the motion for new trial was scheduled to be held before Judge Kay on June 8, 1976. The court was notified shortly before the time set for the hearing, that counsel for defendant would be late in arriving at the hearing and counsel for defendant, in fact, failed to appear when court was opened on that day. When court convened, however, plaintiff was permitted to file a memorandum, and Judge Kay left the matter open for defendant to file evidence later in the day. The minutes of the court for June 8, 1976, show:
"Plaintiff present and represented by counsel, C. R. Whitehead, Jr. Counsel for defendant failed to appear at this time. Court was informed that counsel was on his way here and would be late arriving. Memorandum was filed by plaintiff. Court left matter open for defendant to file whatever he may desire upon arrival." (Emphasis added).
Counsel for defendant arrived at the courthouse later that day, after the court had recessed or adjourned, and in accordance with the order of the judge, as shown in the minutes, it filed several documents with the Clerk of Court on June 8, 1976, in support of its motion for a new trial. Included among those documents were a plat of survey, several right-of-way deeds and two acts of recession. Those documents purport to show that the signs at issue here were located on state-owned property, and not on private land as contended by plaintiff.
Judge Kay died in September, 1976. He had not ruled on the motion for a new trial prior to his death.
On January 19, 1977, Judge Ted Broyles, who in the meantime had succeeded the late Judge Kay, rendered judgment denying the motion for a new trial, and he assigned written reasons for that judgment. In those reasons Judge Broyles noted that "evidently, there was no hearing held on the motion for a new trial," and he stated:
"If any grounds existed to convince the Court of the need for a new trial, it should have been presented at the hearing on the motion for new trial. Mover filed several documents (right-of-way deeds, act of retrocession, and survey plat) but they were not offered during any hearing on the motion and in any event, their relevance and probative value are not clear. If counsel was unable to attend, doubtless additional time or continuance would have been permitted by the presiding Judge, but there is nothing in the record to indicate that counsel sought additional time or a continuance." (Emphasis added).
We believe that Judge Broyles either did not admit in evidence the documents which defendant filed on June 8, 1976, in support of its motion for a new trial, or at least he did not consider those documents. We base that conclusion partly on the reasons which he assigned for judgment, and partly on the fact that we think he would have granted a new trial if he had considered those documents.
After the motion for a new trial was denied, defendant filed a "Motion for Rehearing of Motion for New Trial," in which it prayed simply that the court grant a hearing on its original motion nor a new trial, since the ruling of Judge Broyles denied them the hearing or the right to introduce documents in evidence which Judge Kay had granted. The last motion apparently was denied, and defendant appealed. It is that appeal which is before us now.
We have decided that the evidence does not support the default judgment which was rendered, and that the judgment appealed *399 from must be reversed and the case remanded to the trial court.
The principal issue presented in this case, as shown in plaintiff's petition, is whether the tracts of land on which the signs were located were privately owned, or whether they were included in the highway right-of-way. In Article 4 of the petition, for instance, plaintiff alleges that "On or about November 12, 1975, defendant made demand upon plaintiff to remove the said structures and offered to pay no compensation for the said structures." And, in Article 7 it alleges that "any action by the defendant purportedly under the provisions of R.S. 48:347 is illegal, as that statute. . .is unconstitutional," since it authorizes the taking of plaintiff's property without a prior opportunity to be heard. Plaintiff prays for a declaratory judgment decreeing the statute to be unconstitutional.
LSA-R.S. 48:347C provides:
"C. Whenever any of the things described in Subsection A of this Section (that is, any structure, sign, obstacle, object, deposit or thing) are found to exist within the limits of a highway, the department may summarily remove and dispose of it at the expense of the person responsible therefor. If it retains apparent value, the owner shall be notified, orally or in writing, to remove it within five days or such other period as may be agreed upon. If the owner be unknown or cannot be found, a written notice shall be affixed to the object setting forth that it must be removed within a period not less than five days from the date specified. Failure to remove within the specified period operates as a forfeiture of all rights thereto and the department may remove the object for its own use, or dispose of it at private or public sale, or destroy it, or dispose of it in any manner. The owner and any other person responsible therefor remains liable for any damage to public property or expenditure of highways funds resulting from the installation or removal of such things."
We think the allegation in plaintiff's petition, that it received a notice from the Highway Department demanding that it remove the signs from the highway right-of-way pursuant to LSA-R.S. 48:347, constitutes or is tantamount to an allegation that the Highway Department claimed at that time that the signs were located on the "limits of a highway" or on a state-owned highway right-of-way. Plaintiff then alleges, in substance, that despite this claim by the Highway Department the signs actually were located on private property, but that even if the signs were located on the state owned right-of-way, LSA-R.S. 48:347 nevertheless is unconstitutional and does not give the state the right to remove the signs without compensating plaintiff.
The petition itself thus shows that an important factual issue was presented when the case came up for confirmation of default, that is, whether the signs were located on private property or on the highway right-of-way. In order for plaintiff to recover it was essential that it show (1) that the signs were located on privately-owned property, or (2) that LSA-R.S. 48:347 is unconstitutional.
Judge Kay refused to decree LSA-R.S. 48:347 to be unconstitutional. We base that conclusion on the fact that the form of judgment which was presented to him for signature contained a provision decreeing the above section of the Revised Statutes to be unconstitutional, but that provision was clearly marked out and Judge Kay's initials appear opposite the deleted part of the judgment showing that he intended to eliminate such a provision from the decree. Since Judge Kay did not decree the act to be unconstitutional, it is obvious that he based the default judgment solely on a factual finding that the signs which are at issue here were located on privately-owned property.
The evidence which was offered by plaintiff at the confirmation of the default consisted solely of the testimony of John Luster, the managing partner in the plaintiff company, the testimony of Mrs. Mary Deazendorf, the office manager of that company, and some photographs of the signs taken before they were removed. The testimony *400 of the witnesses was transcribed and the transcript of that testimony is in the record. Judge Kay did not give written or oral reasons for the default judgment which was rendered.
Luster testified that the signs at issue here were removed on January 23, 1976, that plaintiff was not paid any compensation for them, and that no suit was filed and plaintiff was given no hearing before the signs were removed. That part of Luster's testimony which relates to the ownership of the tracts of land on which they were located is as follows:
"Q. And in your petition you allege that signs three, four and five were on land belonging to Mr. W. H. Morrisis that correct?
"A. Yes sir. There are recorded leases downstairs on these.
"Q. And board six, seven and eight were on lands belonging to whom?
"A. Belonging to Mr. Tom Guessthe oldest(pause) Let me get my records here. Tom Guessand then we paid Mrs. Ruby Maddox, after that."
"Q. And the rest
"A. The rest belonged to Mrs. Dennis Cook and Robert F. McClain, Jr."
Mrs. Deazendorf testified, as we interpret her statements, that for several years prior to 1976 plaintiff had paid rentals "to the various property owners" on all of the signs involved here, except one. She also stated that she prepared the plat which is attached to plaintiff's petition, purporting to show the location of the signs with reference to the highway. The highway is marked on that map by a single line, however, and we assume that the line is intended to show the centerline of the highway. The plat does not show the width or boundaries of the highway right-of-way, it is not drawn to scale, it does not show the ownership of any property in that area, and it does not purport to show whether the signs were on private property or on the highway right-of-way prior to their removal.
One of the photographs in the record shows three billboard signs with a white fence between them and the highway. Luster identified the signs shown in that photograph as being three of the signs which were later removed, and he stated that the fence was "Mr. Morris' fence in front of his property." That photograph, and the others, show the signs to be located close to the hard surfaced part of the highway.
When the default was confirmed in this case, no deeds or any other documents were introduced in evidence by plaintiff tending to show the ownership of the tracts of land on which the signs were located. Although Luster stated that there were "recorded leases" affecting those tracts, the leases were not introduced in evidence and the alleged owners of the property were not called as witnesses. No effort was made to give the descriptions of the privately-owned property on which the signs allegedly were located, or to show the width of the right-of-way in that area or the boundary lines between the right-of-way and the privately-owned tracts.
LSA-C.C.P. art. 1702 provides that "a judgment of default must be confirmed by proof of the demands sufficient to establish a prima facie case." A default judgment rendered without proof of a demand sufficient to establish a prima facie case must be set aside. Evangeline Employment Service v. Decuire, 340 So.2d 1113 (La.App. 3 Cir. 1976); Courville v. Southern Casualty Insurance Company, 304 So.2d 93 (La.App. 3 Cir. 1974).
In Helmer v. Callaway, 342 So.2d 254 (La.App. 4 Cir. 1977), the Fourth Circuit Court of Appeal held:
"We do hold that the judgment was improvidently rendered because plaintiff failed to establish a prima facie case. It was essential for him to prove all the allegations of the petition as though they had been specifically denied and this he failed to do. See Calvert Fire Insurance Company v. Felton, 244 So.2d 311 (La. App. 4th Cir. 1971)."
The First Circuit Court of Appeal stated in Bonfouca Inv. Corp. v. Eubanks, 347 So.2d 1277 (La.App.1 Cir. 1977), that:

*401 "In order to confirm a judgment by default, the plaintiff must prove the essential elements of the claim by competent evidence with legal certainty, as fully as though each allegation was specifically denied by the defendant. Wall v. Sun Insurance Co. of New York, 189 So.2d 713 (La.App. 1 Cir. 1966), writ den. 249 La. 764, 191 So.2d 141."
We have concluded that the evidence produced by plaintiff to support the default judgment which is before us on this appeal is not sufficient to establish a prima facie case that the signs in question here were located on privately-owned property, rather than on the state-owned highway right-of-way.
As already noted, the principal issue presented in this case is whether the signs were located on privately-owned property, rather than on a state-owned right-of-way. We must assume that the Highway Department specifically denied plaintiff's allegations that they were located on private property, and the burden thus rested on plaintiff to prove its allegations by competent evidence with legal certainty. The only evidence presented by plaintiff to establish that essential fact consisted of what we consider to be a somewhat vague and general statement to that effect by Mr. Luster, and the testimony of Mrs. Deazendorf that rentals had been paid to various unidentified property owners for permitting the maintenance of those signs. We feel that plaintiff failed to meet the burden of proof which rested on it to support its demand for a default judgment.
Plaintiff argues, however, that the evidence presented furnishes a reasonable factual basis for the default judgment appealed from, and that under Canter v. Koehring, 283 So.2d 716 (La.1973), that judgment should be affirmed. We have considered the evidence and judgment in light of the rules set out in Canter, but find that the judgment cannot be affirmed under those or any other rules. We have given great weight to the factual conclusions of the trier of fact, but have concluded that the evidence does not furnish a reasonable factual basis for the trial court's finding.
Plaintiff argues, finally, that "no court may legally set aside a default judgment when the trial judge has refused the defendant a new trial." To support that argument, it relies on Succession of Rock v. Allstate Insurance Company, 340 So.2d 1325 (La.1976). We do not agree with plaintiff's interpretation of the Rock case.
In Succession of Rock, supra, our Supreme Court held that when there is no transcript of testimony, and the default judgment recites that plaintiff has produced due proof in support of his demands, a presumption exists that the judgment was rendered on sufficient evidence. That case is not applicable to the instant suit, however, because the testimony was taken down in this suit and the record contains a transcript of that testimony. When the testimony is taken down and a transcript of that testimony is in the record, then the presumption described in Rock, supra, that plaintiff produced due proof in support of his demands, does not come into existence. See Guillory v. Deshotels, 254 So.2d 505 (La.App. 3 Cir. 1971).
Our conclusion is that the evidence fails to establish that the signs in question here were located on privately-owned property, outside the boundaries of the state-owned right-of-way. The default judgment appealed from thus must be reversed and the case remanded to the trial court.
Since we have concluded that the trial court judgment must be reversed for the reasons above set out, it is unnecessary for us to consider the additional arguments made by defendant on this appeal. We express no opinion as to whether the trial court erred or abused its discretion in denying defendant's motion for a new trial.
The issue of whether LSA-R.S. 48:347 is unconstitutional is not before us, since the trial court rejected plaintiff's demand for such a decree and plaintiff has not appealed or answered defendant's appeal.
For the reasons assigned, the judgment appealed from is reversed, and the case is remanded to the trial court for further proceedings *402 consistent with the views herein expressed. The costs of this appeal are assessed to plaintiff-appellee. All other costs are to be assessed by the trial court in subsequent proceedings.
REVERSED AND REMANDED.