LANDRY, Judge.
Defendant Ernest Faust (Appellant) appeals from judgment rendered upon confirmation of a preliminary default and ordering cancellation of a predial lease for Appellant’s failure, as lessee, to pay taxes on the leased property. We reverse.
On July 25, 1977, plaintiff (Baham), as lessor, instituted proceedings to rescind the lease which covered approximately 245 acres of land situated in Tangipahoa Parish. Cancellation was sought on the ground that Appellant was using the premises for purposes other than those specified in the lease. Domiciliary service was had on Appellant on July 25, 1977, and on August 3, 1977, Appellant was granted a thirty day extension in which to answer Baham’s petition. On January 19, 1978, Appellant filed an answer and reconventional demand.
On February 17, 1978, Baham filed a supplemental petition, with leave of court, alleging an additional ground for cancellation of the lease, namely, Appellant’s alleged failure, under the terms of the lease, to pay any increase in ad valorem taxes on subject property over the taxes in effect at the time of entering the lease. The supplemental petition, which was personally served on Appellant, recites that despite amicable demand, Appellant failed to pay a tax increase for the year 1976 (actually 1977).
Appellant did not answer plaintiff’s supplemental petition and on April 7, 1978, a preliminary default was entered against Appellant, as shown by the minutes of the trial court. The default was confirmed on May 2, 1978. The record contains the following evidence offered in support of the confirmation: (1) a copy of a letter from plaintiff’s counsel addressed to Appellant’s *726 counsel, dated December 14, 1978, requesting payment of the increase in 1977 taxes; (2) a copy of the 1977 tax notice issued to plaintiff setting forth the taxes for the year 1977; (3) a copy of a certified letter from plaintiff’s counsel addressed to counsel for Appellant, dated April 25, 1978, return receipt requested, indicating that plaintiff would tolerate no further delays in Appellant’s answering the supplemental petition; (4) testimony of plaintiff and his wife concerning the pertinent lease provision and testimony to the effect that neither has received payment of the tax increase from Appellant for the year 1977 and that plaintiff usually received prior payments by check or through his attorney; and (5) the pleadings and documents of record in the trial court which allegedly included the subject lease, the petition, the amended petition showing personal service on Appellant and the minute entry reflecting entry of a preliminary default on April 7, 1978.
Judgment was rendered and signed by the trial court on May 2, 1978, cancelling the lease theretofore existing between the parties. Appellant moved for a new trial on May 9, 1978, which motion was denied. This appeal ensued.
Appellant assigns three errors of the trial court, the most significant of which concerns the sufficiency of the proof offered on the confirmation. La.C.C.P. Article 1702 provides that a judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case.
The issue thus presented is whether plaintiff produced sufficient competent evidence at the confirmation proceeding to sustain his burden of proving the essential elements of the claim. Pertinent to our inquiry is the jurisprudence holding that the presumption that the default judgment was rendered upon sufficient evidence and is correct does not apply where the testimony is transcribed and is contained in the record. Acme Poster Advertising Company v. State, through the Department of Highways, 352 So.2d 397 (La.App. 3rd Cir. 1977); Eddins v. Salassi, 344 So.2d 416 (La.App. 1st Cir. 1977). As previously noted, the record in the instant case contains the transcript of testimony adduced at the proceeding in which the default judgment was rendered. We must therefore determine from the testimony and exhibits introduced therewith whether plaintiff established a prima facie case for cancellation of subject lease.
The basis of plaintiff’s claim for cancellation of the lease, as noted hereinabove, was the alleged failure of Appellant to comply with a lease provision requiring Appellant to pay any increase in ad valorem taxes on the property over the taxes in existence at the time the parties entered into the lease agreement in 1972. Notwithstanding the statement of plaintiff’s counsel during the confirmation proceeding to the contrary, we are unable to find in the record, the lease, the violation of which forms the basis of plaintiff’s cause of action. Nor is there contained in the record any evidence establishing the tax base existing at inception of the lease from which the trial court could reasonably conclude that a tax increase occurred or that Appellant failed to pay any such increase. We find these deficiencies in the record to be fatal to plaintiff’s suit for cancellation of the lease. See Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875 (La.1972).
In Bonfouca Inv. Corp. v. Eubanks, 347 So.2d 1277 (La.App. 1st Cir. 1977), we reversed the confirmation of a default judgment awarding plaintiff-lessor past due rent and rent becoming due under an acceleration clause of a sub-lease, where the record did not contain the primary lease to which the sub-lease was subject, evidence that notice was given of acceleration of rent payments, or evidence that the president of the lessor corporation was authorized by the corporation to enter the sub-lease. We find Bonfouca Inv. Corp. v. Eubanks, supra, to be apposite to the instant controversy on the issue of sufficiency of proof.
In Succession of Rock v. Allstate Insurance Company, 329 So.2d 862 (La.App. 1st Cir. 1976), a suit for benefits under a life insurance policy, this court reversed a default judgment where the insurance contract itself was not introduced of record. *727 Our decision in Succession of Rock, supra, was reversed by the Supreme Court, Succession of Rock v. Allstate Insurance Company, 340 So.2d 1325 (La.1976) on the. basis that “the requirement that the contract be made part of the record to support this default judgment is supplied by the admission of facts resulting from Allstate’s failure to deny matters of which an admission was requested.” The Supreme Court decision in Succession of Rock, supra, is distinguishable from the instant case inasmuch as no request for admissions as to the pertinent lease provision, or as to the taxes existing in 1972, was served upon Appellant. Moreover, we note the following language in Bonfouca Investment Corp. v. Eubanks, 347 So.2d 1277 (La.App. 1st Cir. 1977):
“In order to confirm a judgment by default, the plaintiff must prove the essential elements of the claim by competent evidence with legal certainty, as fully as though each allegation was specifically denied by the defendant. Wall v. Sun Insurance Co. of New York, 189 So.2d 713 (La.App. 1 Cir. 1966), writ den. 249 La. 764, 191 So.2d 141.” (Emphasis added)
Having failed to establish the existence of the alleged lease provision, or the taxes existing at inception of the lease to a legal certainty, from which a violation of the lease could be ascertained, we must conclude that plaintiff has failed in his burden of establishing a prima facie case for cancellation of the lease. So concluding, we pretermit consideration of the other alleged errors of the trial court assigned by Appellant.
It is ordered, adjudged and decreed that the judgment of the trial court cancelling the lease be and the same is hereby annulled, reversed and set aside, and judgment rendered herein remanding the matter to the lower court, for further proceedings according to law; all costs of this appeal to be paid by plaintiff-appellee.
REVERSED AND REMANDED.