145 So.2d 611 (1962)
Jay A. CARR
v.
Edward WILLIAMS.
No. 731.
Court of Appeal of Louisiana, Fourth Circuit.
September 4, 1962.
Rehearing Denied October 29, 1962.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre and John V. Baus and Pat W. Browne, Jr., New Orleans, for Edward Williams, defendant-appellant.
Brierre & Stephenson and Eugene D. Brierre, New Orleans, for Jay A. Carr, plaintiff-appellee.
Before LANDRY, RUSSELL and HUMPHRIES, JJ.
GUY E. HUMPHRIES, Jr., Judge.
This is an appeal by Edward Williams, defendant-appellant, from a default judgment taken against him in the First City Court of the City of New Orleans, Louisiana.
The plaintiff-appellee, J. A. Carr, sued for property damage and personal injuries sustained in an automobile accident with the defendant on August 2, 1961. Plaintiff's action was filed on November 6, 1961 and there being no answer or other responsive pleadings filed, the plaintiff took judgment by default on January 16, 1962. Judgment was rendered in favor of the plaintiff in the sum of $249.50, being the amount of property damage alleged. An application for a new trial and/or rehearing was timely filed and argued on January 25, 1962 and denied. The defendant took an appeal and the plaintiff answered the appeal asking for an increase in the judgment to include damages for personal injury in the sum of $200.00 and damages for the temporary loss of the use of his vehicle in the amount of $100.00.
*612 The accident in question occurred in the vicinity of the intersection of Clio Street and Washington Avenue in the City of New Orleans. As the plaintiff approached Washington Avenue on Clio Street, he saw defendant's vehicle stopped in the neutral ground of Washington Avenue facing in his direction. The plaintiff testified that there were no stop signs facing traffic on Clio Street and that Clio Street intersected Washington Avenue on a slight angle. The impact took place just before plaintiff was to enter onto Washington Avenue when the defendant cut into the path of plaintiff's vehicle in an attempt to enter the exit lane of the Katz-Besthoff, Inc., parking area. The plaintiff testified that the entire front of his vehicle hit the right front fender of the defendant vehicle. He also testified that he did not apply his brakes prior to the accident and apparently did not see defendant in his lane of travel until after the impact. He also testified that his vehicle was damaged and his arm was lacerated as a result of the accident.
In his application for a new trial the defendant contended that the default judgment was erroneous for the following reasons:
(1) Plaintiff failed to prove that the defendant was guilty of negligence which was the proximate cause of the accident.
(2) Plaintiff failed to prove that he was the owner of the vehicle which he was operating and damage to which he seeks recovery.
(3) Plaintiff failed to prove the amount and extent of the damages to the automobile.
We will discuss the issues in the reverse order in which they are set forth above.
The only proof in the record as to the extent of the damage and the amount of the cost of repair of same is a photostatic copy of what purports to be an "estimate sheet and repair order" showing damage in the sum of $262.10, the original of which was apparently signed by John W. Wright, whomever he may be. There is also in evidence an exhibit apparently purporting to be a photostatic copy of a receipt, showing that the plaintiff paid $50.00 deductible and the balance of $199.50 was to be paid by State Farm Insurance Company. The original of this is purportedly signed by John W. Wright and J. A. Carr.
Other than this photostatic copy of this "estimate sheet and repair order" which is hearsay, and which was introduced without any foundation, and without any testimony explaining the absence of the original, there is no proof in the record as to the damage sustained to the vehicle being operated by the plaintiff.
This is not competent evidence to be considered in making an award for damage to an automobile.
Even in default judgment cases plaintiff is required to prove his case by competent evidence. LSA-C.C.P. 5002.
This exact point was decided in Romero v. Melancon, 72 So.2d 570 (Orl.Ct. of App., 1954) from which we quote:
"Second, it is not shown that the damages claimed were occasioned by the accident. The only testimony bearing on that point is the following, also given by plaintiff's son:
"`Q. I show you an estimate that was made for the repair of your automobile, will you identify that?
"`A. Yes, sir, that's it; it was the whole front of the car.'"
In holding that a repair estimate introduced without proper foundation is not competent evidence, this Court stated:
"It is well settled that in taking judgment by default, plaintiff assumes the burden of proving the essential allegations of his petition as fully as if they had been specially denied. To be entitled to a recovery, a litigant must make his claim certain; to make it probable is not enough. * * *"
*613 Since this matter must be remanded it is proper to note that there actually was no competent testimony or evidence that plaintiff was the owner of the automobile.
There is evidence in the record to support the plaintiff's contention that defendant was guilty of negligence. For the first time, in oral argument before this Court, the defendant raised the issue of contributory negligence. We cannot pass upon this issue because it was not specifically pleaded in the lower Court. LSA-C.C.P. 1005. The matter of contributory negligence must first be passed on by the lower court, if properly put at issue.
For the reasons hereinabove set forth it is ORDERED, ADJUDGED AND DECREED, that the judgment of the trial court be and the same is hereby reversed and this cause is hereby remanded to the trial court for a new trial consistent with the views herein expressed.
Plaintiff-appellee is cast for costs of this appeal; all other costs to await the final outcome of the new trial.
Reversed and remanded.