160 So.2d 791 (1964)
Joseph SMITH, Plaintiff-Appellee,
v.
Clarence DOYLE and Johnnie Doyle, Defendants-Appellants.
No. 1043.
Court of Appeal of Louisiana, Third Circuit.
February 18, 1964.
*792 Mouser & Mouser, by Holmes M. Mouser, Oakdale, for defendants-appellants.
Rogers & McHale, by Jack Rogers, Lake Charles, for plaintiff-appellee.
Robert Collings, Lake Charles, for garnishee-defendant.
Before FRUGE, HOOD and CULPEPPER, JJ.
FRUGE, Judge.
This is an appeal from a default judgment.
On April 20, 1963, plaintiff was involved in an accident in Lake Charles when his automobile was struck by Johnnie Doyle, driver of a truck owned by defendant Clarence Doyle. Plaintiff sued Johnnie Doyle and Clarence Doyle. Clarence Doyle was served by domiciliary service in Vernon Parish. Thereafter, a default judgment was rendered. Plaintiff confirmed the default judgment against Clarence Doyle and was awarded $3,013.53. Although notice of signing of the default judgment was not served on Clarence Doyle as was required by law, a writ of fieri facias was obtained and trucks owned by defendant Clarence Doyle were seized; also, garnishment proceedings were instituted against Guth Dairy, Inc. Defendant Clarence Doyle then instituted the present proceedings, requesting that the writ of fieri facias and garnishment be set aside and enjoined since no notice of judgment had been served on him as required under Article 1913 of the LSA-Code of Civil Procedure. He further moved for a new trial, alleging that the default judgment rendered was contrary to the law and the evidence. The trial judge ordered the writ of fieri facias and garnishment set aside, but refused to grant a motion for a new trial.
The motion for a new trial should have been granted because there was not sufficient evidence to sustain the confirmation of the default judgment. Under LSA-Code of Civil Procedure, Art. 1702, "judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case." But this prima facie case must be established by competent evidence. Plaintiff assumes the burden of proving the essential allegations in his petition as fully as if they had been specifically denied. He must make his claim certain; to make it probable is not enough. Carr v. Williams, La.App., 145 So.2d 611, and cases cited therein.
The only competent evidence in the record herein concerns the negligence of the defendant. However, the amount of damages was not established by competent evidence. The only evidence as to damages was a repair estimate of an automobile dealer, a letter from an attending physician, and a bill for a clinic. There were no witnesses to corroborate these offerings. All of them are hearsay and, when introduced without *793 a proper foundation and explanation, are insufficient to establish a prima facie case for a default judgment. Carr v. Williams, supra.
For the foregoing reasons the default judgment is reversed and the case is remanded to the district court for proceedings consistent with this opinion. Costs of this appeal are assessed to plaintiff; assessment of all other costs is to await final disposition.
Reversed and remanded.