317 So.2d 18 (1975)
Aaron M. BLACKWELL, Jr., Plaintiff-Appellee,
v.
Thomas DAIGLE, Sr., et al., Defendants-Appellants.
No. 5098.
Court of Appeal of Louisiana, Third Circuit.
July 30, 1975.
Rehearing Denied August 28, 1975.
Writ Refused October 17, 1975.
*19 Paul J. Breaux, of Allen, Gooch & Bourgeois, Lafayette, for defendants-appellants.
Macon K. Gean, Lafayette, for plaintiff-appellee.
Before FRUGÉ, DOMENGEAUX and WATSON, JJ.
WATSON, Judge.
This is an appeal of a default judgment in favor of an automobile owner against his collision and comprehensive insurer and also against other parties. Only the insurer has appealed.
Plaintiff is Aaron M. Blackwell, Jr., owner of a 1969 Volkswagen automobile, which was damaged extensively when driven into a brick wall. Defendants are Allstate Insurance Company, the insurer of the Volkswagen automobile against comprehensive and collision damages; Thomas Daigle, Sr.; and his son, Thomas Daigle, Jr., 12 years old.
Plaintiff's petition alleges that on October 31, 1974, the young Daigle boy, without plaintiff's permission, took the automobile on a "joy ride" and ran it into a brick wall, resulting in total loss of the vehicle.
Allstate was sued as the insurer of the vehicle, was alleged to have refused to pay the claim, and, in addition, was alleged to be liable for penalties and attorney's fees under LSA-R.S. 22:658 for arbitrary and capricious refusal to pay the loss.
The petition was filed on January 22, 1975; a preliminary default was entered on February 14, 1975, and the matter was presented for confirmation of default on two dates, on February 21, 1975, when it was continued for additional evidence, and on March 3, 1975, when judgment was rendered and signed by the trial court. The trial court gave judgment for $1700 against Daigle, Sr., Daigle, Jr. and Allstate, jointly and in solido. Also, the trial court gave plaintiff judgment against Allstate for penalties of 12% of the total amount of the judgment plus an attorney's fee of $750.
Only Allstate has appealed. The specifications of error by appellant reflect the three issues to be decided on appeal: (1.) that a preliminary default was not entered; (2.) that plaintiff did not prove the value of the repairs to his automobile by competent evidence; and (3.) that the trial court erred in awarding penalties and attorney's fees.
Preliminary Default
As to the first specification of error, the issue has been resolved by the filing in the record of a certified copy of the minutes of the trial court for February 14, 1975. Originally, the minute entry reflecting the preliminary default in this case had been omitted.
Argument was made that the procedure in the trial court did not comply with the requirements of LSA-C.C.P. art. 1701, which reads as follows:
"Art. 1701. Judgment by default
If a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him. The judgment may be obtained by oral motion *20 in open court or by written motion, either of which shall be entered in the minutes of the court, but the judgment shall consist merely of an entry in the minutes.
Amended by Acts 1968, No. 126, § 1."
The minutes of court referred to previously establish that a judgment was entered by the trial court. Absent a showing to the contrary, we assume the regularity and propriety of proceedings in the trial court.
Therefore, we find no merit to defendant's contention that a preliminary default was not entered.
Proof of Value
The next issue relates to defendant's contention that plaintiff did not establish the value of the vehicle which was damaged, the principal contention being that the witness, John Storm, was not an expert.
The relevant testimony on this issue is that of plaintiff, his wife and Storm. Plaintiff testified that he took his car to Magnifique Volkswagen; that they advised him it was a total loss; that the insurance company adjuster examined his vehicle; that the adjuster also told him it was a total loss. Mrs. Blackwell confirmed her husband's testimony. Plaintiff stated his opinion that the vehicle was worth $1900. Plaintiff presented the witness, John Storm, who testified that he is employed at present by Acadiana Toyota, but that in November, 1974 he was working for Magnifique Volkswagen. He testified that he examined the 1969 Volkswagen owned by plaintiff and prepared an itemized statement of repairs. This repair estimate was received in evidence as P-5. The estimate itemizes the many parts necessary to repair the vehicle, and the labor required to install each part with the price of each item. It is on a Magnifique Volkswagen Company form, dated November 5, 1974, and signed by the witness Storm. After identifying the itemized statement of repairs, the witness testified as follows:
"Q In your opinion was the automobile a total loss?
A It sure was.
Q And this figure on the back $1818.64 would be a fair value on that automobile?
A It most certainly would.
MR. GEAN:
Any questions Your Honor?
THE COURT:
No questions." (TR. 25-26)
Thus, the import of the witness's testimony is that to repair the vehicle would require the sum of $1818.64 and that this would be equivalent to the value of the automobile, making the vehicle a total loss. Coupled with the plaintiff's testimony, which was heard and accepted by the trial court, we believe that an evidentiary basis was established on which the trial court could properly fix damages. The amount of the judgment rendered was $1700, and this takes into consideration the $100 deductible amount as provided by the insurance policy which was filed in the proceedings as P-1 and discounts slightly plaintiff's estimate of $1900 and Storm's estimate of $1818.64.
We do not consider valid appellant's contention that the qualifications of Storm were not established. While it is true that his background was not detailed in the testimony, his employment by two automobile dealers and his capacity as repair estimator for the Volkswagen dealer in Lafayette make a prima facie showing of his expertise.
To confirm a default judgment, it is necessary only that plaintiff present admissible and credible evidence sufficient to make a prima facie case. LSA-C.C.P. art. 1702.
*21 This case is distinguished from Verrette v. Saltzman & Gordon Welding Service, Inc., 248 So.2d 876 (La.App. 3 Cir. 1971), cited by defendant, which stands for the proposition that hearsay evidence does not sustain the burden of proving a prima facie case necessary for confirmation of default. None of the evidence in the instant case is hearsay. Plaintiff testified twice in open court and recounted his personal knowledge concerning the condition of his vehicle as well as the procedure followed for estimation of repairs. The witness Storm appeared personally and identified his repair estimate. This latter feature distinguishes the case from Smith v. Doyle, 160 So.2d 791 (La.App. 3 Cir. 1964), also relied upon by the appellant. In Smith, the court noted:
"The only competent evidence in the record herein concerns the negligence of the defendant. However, the amount of damages was not established by competent evidence. The only evidence as to damages was a repair estimate of an automobile dealer, a letter from an attending physician, and a bill for a clinic. There were no witnesses to corroborate these offerings. All of them are hearsay and, when introduced without a proper foundation and explanation, are insufficient to establish a prima facie case for a default judgment." 160 So.2d 792-3
We find no merit, therefore, to appellant's second specification of error.
Penalties and Attorney's Fees
The final specification is that the trial court erred in awarding penalties and attorney's fees against Allstate.
The applicable statute is LSA-R.S. 22:658 which provides as follows:
"§ 658. Payment of claims, policies other than life and health and accident; penalties
All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney's fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney's fees for the prosecution and collection of such amount. Provided, that all losses on policies covering automobiles, trucks, motor propelled vehicles and other property against fire and theft, the amount of the penalty in each of the above cases shall be 25% and all reasonable attorney's fees. Amended and reenacted Acts 1958, No. 125."
Being penal in nature, the statute imposing penalties and attorney's fees for arbitrary failure to pay a loss within the time allowed by law is subject to strict construction. Steadman v. Pearl Assurance Company, 242 La. 84, 134 So.2d 884 (1961).
The only evidence in the record relating to proof of loss and demand is the testimony of plaintiff. He recounted that he had notified the insurance company of his loss, that the vehicle was inspected by an adjuster representing the insurance company, that the adjuster said the vehicle was a total loss, but that the adjuster informed plaintiff the company would not pay. There is absolutely no corroboration for plaintiff's testimonyno correspondence, *22 no proof of loss forms, no witness who verifies the accuracy of plaintiff's testimony.
Plaintiff was uncertain as to the exact date upon which he notified the insurance company of his loss and made demand, although he believes that it was no later than November 20. He testified about the date of notification on both court appearances and the testimony on the first hearing was as follows:
"Q Did you file an insurance report on your claim properly after the accident?
A It was about 15 days afterwards.
Q So if it happened on October 31, you would say on or about November 15th?
A Yes, sir, somewhere around there.
Q Could it have varied more than two or three days from that?
A Yes, sir it could have. I am not sure. It could have been 16 or 17. I'm not sure. I don't know the exact date.
Q But you say you definitely filed your report and your claim to the insurance company, say prior to November 20th?
A Yes sir." (TR. 9)
And on the second court appearance the testimony was as follows:
"Q At what time did you submit your claim to the insurance company?
A By the 15th, or 16th something like that.
Q Would it be your testimony that it would be no later than the 20th?
A Yes, sir." (TR. 23)
The evidence must be measured against the statutory requirements for proof of loss and demand for payment, which must fully apprise the insurer of the claim and the demand for payment, either orally or in writing. Moore v. St. Paul Fire and Marine Insurance Co., 193 So.2d 882 (La. App. 3 Cir. 1967); 251 La. 201, 203 So.2d 548.
Our study of plaintiff's testimony as well as the entire record leads us to the conclusion that in allowing penalties and attorney's fees, the trial court erred as a matter of law. The error was in failing to require some type of corroboration that plaintiff had in fact made a sufficient proof of loss and demand on the insurance company and that the insurer had failed to pay within the sixty days allowed by law.
We have no means of determining the nature of the demand, the sufficiency of the proof of loss, the response of the insurer, or, with certainty, that 60 days elapsed.
Therefore, we affirm the judgment of the trial court except to amend it by disallowing the claim for penalties and attorney's fees. All costs, however, will be taxed against appellant.
Amended and affirmed.