SMITH, Judge.
Plaintiff sued defendant Jackson for damages sustained in an alleged battery inflicted by defendant with an axe. Suit was filed April 30, 1975. No answer or other pleadings were filed by defendant. On August 26, 1975 a preliminary default was entered. Evidence was adduced on September 26, 1975 to confirm the default and the case was taken under advisement by the trial court. Judgment was rendered in favor of plaintiff against defendant for $5,000 as damages for personal injuries and $222.45 for medical expenses. Defendant appeals.
No testimony was recorded when the matter was heard on confirmation of the default. A narrative of facts, which is conclusive, was submitted by the trial court in accordance with LSA-C.C.P. Art. 2131.
Defendant contends there was insufficient evidence adduced to support the default judgment. LSA-C.C.P. Art. 1702. Such a case must be made by admissible and credible evidence. Smith v. Doyle, 160 So.2d 791 (La.App. 3rd, 1964); Blackwell v. Daigle, 317 So.2d 18 (La.App. 3rd, 1975).
The trial court’s narrative reveals the plaintiff testified she was attacked by defendant and was struck in the head and chest with an axe causing lacerations and rendering her unconscious. This testimony was corroborated by the bloodstained dress which plaintiff was wearing on the day of the alleged attack and by her broken eyeglasses. These items were admitted as evidence. In our opinion this is a legally sufficient basis for rendering that portion of the default judgment for the personal injuries.
Defendant ¡also complains that the bills of the physician and hospital are hearsay and, as such, are insufficient to support the judgment for expenses arising out of the battery. One exhibit was clear *500 ly marked as not being a bill and this item was not included in the trial court’s assessment. The remaining exhibits reveal expenses incurred by plaintiff slightly in excess of the amount awarded for this element of damage. We infer that a proper foundation of these bills, i. e., testimony by plaintiff that they were incurred as a result of her injuries and were paid by her, was made before these bills were admitted as evidence. We hold this to be a sufficient showing to support the default judgment as to expenses.
At appellant’s cost, the judgment of the lower court is AFFIRMED.