SAMUEL, Judge.
Plaintiff, National Roofing and Siding Company, confirmed a default judgment which awarded it $2,492, plus 25% attorney’s fees in a suit on a roof repair contract and recognized a privilege against defendant’s property granted under the Private Works Act (L.R.S. 9:4801, et seq.). Defendant, unrepresented by counsel until after the default was taken, has filed this appeal through her attorney contending: (1) the document upon which the claim is based never ripened into a contract because plaintiff never accepted it; and (2) plaintiff’s noncompliance with the lien procedure renders the lien invalid. We agree with , the first contention and therefore a consideration of the second is unnecessary.
Plaintiff claims defendant is indebted to it for roof replacement or repairs based on a written contract on a printed form bearing its logo. The alleged contract contains printed stipulations and leaves a space for one of plaintiff’s salesmen to describe in handwriting the work required on each individual job. It does contain a handwritten description of the proposed work at 9018 Quinee Street, New Orleans. The signature of Don Ferrill is affixed on a line designated for use by a “Salesman”. The only other signature on the document is the defendant’s.
The “terms and conditions” section states in part:
“This contract is binding, subject only to acceptance by an executive of the company who reserves the right to reject it without liability on its part.
It is agreed that this contract, properly accepted as above provided, shall constitute the entire agreement between us.” (Emphasis added).
No executive officer of plaintiff signed the instrument, which by its own terms requires express acceptance by a plaintiff executive, nor does the record contain any evidence even suggesting any such acceptance did occur. Civil Code Article 1798 provides a contract comes into being when something proposed by one is accepted by another. The agreement remains incomplete until the offer is accepted. Civil Code Article 1800. In this case plaintiff cannot base a claim on a written agreement which by plaintiff’s own stipulations never became binding.
The document then does not support the judgment which is based on the alleged contract. Code of Civil Procedure Article 1702 provides default judgments must be based on evidence sufficient to establish a prima facie case. See Blackwell v. Daigle, La.App., 317 So.2d 18. Nor does the record warrant judgment on any other basis. Civil Code Article 2277 permits verbal agreements for the payment of more than $500 to be established by the testimony of one credible witness and other corroborating circumstances. Here, James W. Hughes, plaintiff’s office manager, was the only witness.
For the reasons assigned, the judgment appealed from is annulled and set aside and this matter is remanded to the trial court for further proceedings consistent with law and with the views herein expressed. Plaintiff is to pay all costs of this appeal.
ANNULLED, SET ASIDE AND REMANDED.
LEMMON, J., concurs with written reasons.