637 So.2d 575 (1994)
Freddie L. HOWARD
v.
A & M CONSTRUCTION COMPANY.
No. 93 CA 1013.
Court of Appeal of Louisiana, First Circuit.
April 29, 1994.
*576 John B. Perry, New Orleans, for plaintiff-appellee Freddie L. Howard.
Pierre M. Legrand, Mandeville, for defendant-appellee A & M Const. Co.
Thomas E. Stirewalt, Jr., Metairie, for defendant-appellant Home Ins. Co.
Before CARTER, GONZALES and WHIPPLE, JJ.
CARTER, Judge.
This is an appeal in a worker's compensation case.

FACTS
On June 10, 1991, during the course and scope of his employment as a truck driver for A & M Construction Company (A & M), sixty-year-old Freddie L. Howard was injured when a trailer ramp fell on him, causing serious injuries. Home Insurance Company (Home), who was A & M's worker's compensation insurer, paid Howard weekly compensation benefits through December 6, 1991.
On December 16, 1991, Howard filed a claim for worker's compensation benefits with the Office of Worker's Compensation (OWC). On January 16, 1992, the OWC issued citations, accompanied by copies of the claim form/petition, to both A & M and Home. Service was effected on A & M and *577 Home on January 22, 1992. On February 6, 1992, A & M filed an answer to Howard's petition and a third party demand against Home. In its third party demand, A & M requested indemnification from Home for any and all amounts for which A & M was cast in judgment to Howard, including benefits, penalties, attorney's fees, and reimbursement for any benefits A & M paid to Howard due to Home's termination of his benefits. On March 2, 1992, Home answered Howard's petition.[1]
On May 1, 1992, A & M filed a supplemental and amending third party demand, alleging that Home failed in its obligation to provide a defense to A & M in the worker's compensation proceeding and, therefore, was liable for all attorney's fees incurred by A & M in the defense of this proceeding. On May 28, 1992, A & M filed a motion for preliminary default against Home for its failure to answer the third party demand. On June 19, 1992, the hearing officer ordered that a preliminary default be entered against Home and set the confirmation hearing for June 24, 1992.[2]
On June 24, 1992, trial on the principal demand and confirmation of the default judgment on the third party demand was held. Howard and A & M stipulated that, on June 10, 1991, Howard had an accident during the course and scope of his employment with A & M and that the accident was not the result of intentional acts by A & M. The parties further stipulated that Howard was entitled to weekly compensation benefits in the amount of $165.85. The parties also stipulated that Howard received the benefits from Home through December 6, 1991, but that, thereafter, Howard was not paid compensation benefits for a period of seven weeks. On January 24, 1992, A & M began paying Howard weekly benefits. Finally, the parties stipulated that Howard's past medical expenses were related to the accident, and the hearing officer determined that these medical expenses were reasonable and necessary medical fees covered under the Worker's Compensation Act. At the conclusion of the trial, the hearing officer took the matter under advisement.
The hearing officer determined that Howard was permanently and totally disabled. On July 6, 1992, the hearing officer rendered judgment in favor of Howard and against A & M and Home in solido for weekly compensation benefits, seven weeks of past due benefits, past medical expenses, expert witness fees, and future medical expenses for treatment of his back and leg. The hearing officer determined that Home was arbitrary and capricious in failing to pay Howard benefits and rendered judgment in favor of Howard against Home for statutory penalties and attorney's fees in the amount of $10,000.00. The hearing officer further determined that A & M had a valid worker's compensation policy with Home and that Home failed in its obligation to A & M. Accordingly, the hearing officer rendered judgment in favor of A & M against Home for indemnification for compensation benefits which A & M had paid to Howard, Howard's future compensation benefits, his past and future medical expenses, $10,000.00 for A & M's attorney's fees and costs, and A & M's future attorney's fees. The judgment and reasons for judgment both contain a hand written notation, indicating that copies of the judgment and reasons were sent to John Perry (attorney for Howard), Pierre Legrand (attorney for A & M), and Franklin Polk.[3]
From this adverse judgment, Home appealed, assigning the following specifications of error:
1. The hearing officer failed to give Home proper notice of any of the important pre-trial events.
2. The hearing officer failed to give Home proper notice of the trial.
3. The hearing officer erroneously granted judgment in favor of A & M against Home.

*578 4. The hearing officer erroneously granted judgment in favor of Howard against Home.
Both Howard and A & M answered the appeal, requesting additional attorney's fees.

PRINCIPAL DEMAND
Home contends that the hearing officer erred in rendering judgment in favor of Howard and against Home because Home did not receive notice of the pre-trial proceedings or of the trial date.
LSA-R.S. 23:1317A provides, in pertinent part, as follows:
If an answer has been filed within the delays allowed by law or granted by the hearing officer, or if no judgment has been entered as provided in R.S. 23:1316 at the time for hearing or any adjournment thereof, the hearing officer shall hear the evidence that may be presented by each party. Each party shall have the right to be present at any hearing or to appear through an attorney. The hearing officer shall not be bound by technical rules of evidence or procedure other than as herein provided....
Although LSA-R.S. 23:1317A provides that the hearing officer is not bound by technical procedural rules, the fundamental principles of procedure, such as reasonable notice, are applicable to a worker's compensation proceeding. See Jack v. International Paper Co., 56 So.2d 875, 878 (La.App. 2nd Cir.1952). When a defendant files an answer, he is entitled to notice of trial on the merits. Louisiana Hoop Company, Inc. v. Hood, 292 So.2d 808, 810 (La.App. 1st Cir. 1974). Adequate notice is one of the most elementary requirements of procedural due process. Hicks v. Schouest, 381 So.2d 977, 978 (La.App. 4th Cir.1980). It is fundamental to our system of laws that there be notice prior to trial, except in extraordinary cases, such as executory process. Cook v. Matherne, 432 So.2d 1039, 1041-42 (La.App. 1st Cir.1983).
In the instant case, the record reveals that, on March 2, 1992, Attorney Jack E. Koch filed an answer to Howard's petition on behalf of Home. Koch's address and telephone number appear at the bottom of the pleading. On April 1, 1992, the OWC forwarded a "Pre-Trial Procedure Order" to counsel for Howard and A & M. On May 4, 1992, the OWC sent a "Notice of Trial" to counsel for Howard and A & M. However, the OWC failed to notify Home or Koch of the pre-trial matters or of the trial date. Consequently, Home was not represented at the trial on July 24, 1992.
The briefs indicate that, despite Home's claim that it did not receive notice of the trial date, attorney Franklin Polk (who is apparently "of counsel" to Koch's firm), was present on behalf of Home at the beginning of the trial, but departed prior to entering an appearance in the record. The only indication in the record that Polk was present at the hearing is a notation on the judgment that Polk was "[p]resent at the beginning of the hearing, but left." In reviewing this matter, we must rely solely on the record before us which fails to reveal that Polk made an appearance at the hearing on behalf of Home.
The record clearly reveals that Home filed an answer to the principal demand filed by Howard. Therefore, under LSA-R.S. 23:1317A, Home was entitled to receive notice of the pre-trial proceedings as well as the trial date. Because the OWC did not notify Home of the trial date, and, consequently, Home was not represented at the trial, Home's right to procedural due process was violated with regard to the principal demand against it. See Jones v. United States Fidelity, 596 So.2d 834, 836 (La.App. 4th Cir.1992).
However, our inquiry with regard to the propriety of the rendition of the judgment against Home and in favor of Howard does not end here. In its third party demand, A & M sought, among other things, a declaratory judgment declaring that Home owed Howard any and all worker's compensation benefits to which he was entitled. Therefore, we must determine whether the hearing officer's judgment with regard to the third party demand was proper.

THIRD PARTY DEMAND
Home also contends that the hearing officer erred in rendering a default judgment *579 against Home on A & M's third party demand. Home argues that the judgment granted relief prayed for only in A & M's supplemental and amending third party demand on which it did not file a motion for preliminary default. In brief, Home argues:
No Motion for a Preliminary Default as to the First Supplemental & Amending Third-Party Demand was ever filed or granted. The most that the Trial Court should have done was to grant a default judgment in favor of A & M against Home for the relief prayed for in the "original" Third-Party Demand. However, the Trial Court went further than that. The judgment in favor of A & M is a combination of the relief prayed for in both the original and the supplemental demands. Home asserts that the allegations contained in the First Supplemental & Amending Third-Party Demand relate back to, and modify, the allegations in the original Third-Party Demand and the combination is too closely intertwined to allow a judgment by default on either.
The record in the instant case reveals that, on February 6, 1992, A & M filed a third party demand against Home, in addition to its answer to Howard's petition. The third party demand alleged that if A & M became liable to Howard for any worker's compensation benefits, penalties, or attorney's fees, it would be entitled to indemnification from Home for any and all amounts for which A & M would be cast in judgment to Howard. Alternatively, A & M asserted that it was entitled to a judgment declaring that Home pay Howard any and all worker's compensation benefits to which he was entitled. A & M also alleged that, because it paid worker's compensation benefits directly to Howard, it became subrogated to the rights of Howard and was entitled to reimbursement from Home for any benefits it paid to Howard, as well as penalties and attorney's fees.

A. Service of Process.
LSA-R.S. 23:1310.3B addresses the service requirements for a worker's compensation claim. It provides, in pertinent part, that "the director shall ... send copies of the form by certified mail to the named defendants to effect service. The director may also effect service of process on any named defendant in any other manner provided by law."[4]
The record in the instant case reveals that Home was served through the Louisiana Long Arm Statute. On April 21, 1992, an affidavit of service was filed, indicating that A & M's third party demand was sent via certified mail to Home's agent for service of process on March 9, 1992. The affidavit and attached return receipt reveal that Home was served with the third party demand on March 13, 1992.

B. Answer.
LSA-R.S. 23:1310.3B[5] provides that, in a worker's compensation proceeding, a defendant shall file an answer within fifteen days of receipt of the claim form/petition or within a delay for answering granted by the hearing officer not to exceed an additional ten days.
The record reveals that Home was served with A & M's third party demand on March 13, 1992. However, Home failed to file an answer to the third party demand within fifteen days of that service and did not request an extension of time within which to answer.

C. Supplemental and Amending Third Party Demand.
On May 1, 1992, A & M filed a supplemental and amending third party demand against Home.[6] The supplemental third party demand alleged that, because Home failed in its obligation to provide a defense to A & M in the worker's compensation proceeding, Home was liable for all attorney's fees, penalties, and costs incurred by A & M in the defense *580 of Howard's claim. The record contains an affidavit of service and a return receipt, stating that Home was served with a certified copy of the supplemental third party demand on May 19, 1992. However, Home did not file an answer to the supplemental third party demand or request an extension of time within which to answer.

D. Preliminary Default.
If a third party defendant fails to answer within the time prescribed by law or the time extended by the hearing officer, and upon proof of proper service having been made, judgment by default may be entered against him. LSA-R.S. 23:1316. The judgment shall be obtained by written motion. LSA-R.S. 23:1316. However, under the Louisiana Long Arm Statute, "[n]o default judgment can be rendered against the defendant until thirty days after the filing in the record of the affidavit of the individual" who mailed the process to the defendant. LSA-R.S. 13:3205. The words "default judgment" within this section mean preliminary default rather than confirmation of default. Glessner v. Hyatt, 380 So.2d 222, 223 (La. App. 3rd Cir.1980).
On May 28, 1992, more than thirty days after the filing of the affidavit of service on the original third party demand, A & M filed a motion for preliminary default against Home because it had not answered the original third party demand. However, A & M failed to file a motion for preliminary default after it filed its supplemental third party demand. On June 19, 1992, the hearing officer issued an order, which entered a preliminary default against Home and set the confirmation hearing for June 24, 1992.

E. Confirmation of the Default.
The confirmation of a default judgment is addressed in LSA-R.S. 23:1316.1A:
A judgment by default on behalf of any party at interest must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
A "prima facie case" is established when the plaintiff proves the essential allegations of its petition, with competent evidence, to the same extent as if the allegations had been specifically denied. Savic v. Assurance Company of America, 509 So.2d 460, 462 (La.App. 3rd Cir.1987). See also Dupre v. Joe's Riverside Seafood, Inc., 578 So.2d 158, 163 (La.App. 1st Cir.1991).
On June 24, 1992, at the confirmation hearing, in addition to entering into various stipulations with Howard, A & M introduced the following items into evidence: (1) its policy of worker's compensation which had been issued by Home, (2) checks made payable for the policy premiums, (3) copies of checks and advances made to Howard, (4) a demand letter to Home requesting that it reinstate Howard's benefits, (5) letters to Howard's health care providers requesting that they not take any adverse action against Howard, and (6) A & M's bill for legal services rendered in pursuing its indemnification claim against Home. Pierre Legrand, attorney for A & M, also testified regarding each exhibit.

F. Judgment.
It is well settled that a default judgment may not go beyond the scope of the prayer in the petition. LSA-C.C.P. art. 1703; Goodson v. Sills, 470 So.2d 966, 968 (La.App. 1st Cir.1985); Graham v. Metzler, 402 So.2d 768, 770 (La.App. 4th Cir.1981).
In the instant case, A & M's petition requested indemnification from Home for any and all amounts for which A & M would be cast in judgment to Howard in the event A & M was held liable to Howard for any worker's compensation benefits, penalties, or attorney's fees. A & M also requested that the trial court render judgment, declaring that Home pay Howard any and all worker's compensation benefits to which he was entitled. Finally, A & M alleged that it was subrogated to the rights of Howard and was entitled to reimbursement from Home for any benefits it paid to Howard, as well as penalties and attorney's fees, because it paid worker's compensation benefits directly to Howard.
The hearing officer rendered judgment in favor of Howard and against A & M and *581 Home for past and future compensation benefits, past and future medical expenses, and expert witness fees. The hearing officer also rendered judgment in favor of Howard and against Home for statutory penalties and attorney's fees of $10,000.00. In addition to rendering judgment in favor of Howard, the hearing officer rendered judgment, ordering Home to indemnify A & M for past compensation benefits which A & M paid Howard, Howard's future compensation benefits, Howard's past and future medical expenses, $10,000.00 for A & M's attorney's fees and costs, and A & M's future attorney's fees.
After reviewing A & M's original third party demand, we conclude that the judgment did not award more relief than A & M prayed for therein. The supplemental third party demand merely clarified A & M's claims for attorney's fees, penalties, and costs. Moreover, the original third party demand requested declaratory relief which included a determination that Home was liable to Howard for past and future compensation and medical benefits and any and all other benefits to which Howard was entitled, including statutory penalties and attorney's fees. In rendering this judgment, the hearing officer obviously concluded that, at the confirmation hearing, A & M adequately proved the essential allegations of its third party demand and established a prima facie case against Home. After reviewing the entire record in this matter, we find that the hearing officer did not err in rendering judgment in favor of Howard and A & M on the third party demand.

ANSWERS TO APPEAL
In their answers to the appeal filed by Home, Howard and A & M request additional attorney's fees.
After reviewing the entire record in this matter, we find that an increase in the attorney's fees is warranted. The appeal perfected by Home necessitated additional work for the attorneys representing Howard and A & M, including the preparation of an answer to the appeal, preparation of an appellate brief, and appearance at oral argument. See Thornton v. Department of Public Safety, 536 So.2d 595, 598 (La.App. 1st Cir.1988); Achord v. H.E. Weise Construction Company, 422 So.2d 1248, 1252 (La.App. 1st Cir.1982). Under the circumstances, we conclude that Howard and A & M are each entitled to an additional award of $1,500.00 for attorney's fees. The judgment will be amended accordingly.

CONCLUSION
For the above reasons, the judgment of the hearing officer with regard to the third party demand, and particularly the determination that Home is liable to Howard and A & M for all past and future compensation benefits, past and future medical expenses, and expert witness fees, the determination that Home is liable to Howard for statutory penalties and attorney's fees of $10,000.00, and the hearing officer's determination that Home indemnify A & M for past compensation benefits which A & M paid Howard, Howard's future compensation benefits, Howard's past and future medical expenses, $10,000.00 for A & M's attorney's fees and costs, and A & M's future attorney's fees, is affirmed in all respects. Although we have determined that the hearing officer erroneously rendered judgment on the principal demand against Home, we note that most, if not all, of the issues set forth in Howard's principal demand were determined by the hearing officer in A & M's request for declaratory judgment. Having affirmed the hearing officer's judgment insofar as the declaratory judgment in favor of Howard, it would be futile to remand the principal demand to the hearing officer for further proceedings. Therefore, the judgment of the hearing officer is affirmed in all respects. The judgment is also amended to award Howard and A & M additional attorney's fees of $1,500.00 each. Costs of this appeal are assessed against Home.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] Home's answer to Howard's petition was filed by Attorney Jack Koch.
[2] The order granting the preliminary default against Home cites an erroneous date of service.
[3] Franklin Polk made no appearance in the record, but is apparently "of counsel" to Jack Koch's firm. Jack Koch is the attorney who filed an answer to Howard's petition on behalf of Home.
[4] By Acts 1992, No. 760, effective August 21, 1992, LSA-R.S. 23:1310.3 was amended.
[5] See footnote 4, supra.
[6] Although Home contends that A & M did not receive leave of court to file the supplemental and amending third party demand, the record indicates clearly that, on May 7, 1992, the hearing officer granted A & M leave to file the supplemental demand.