REBEL ELECTRIC, L.L.C.
v.
JACOBS BUILDERS, INC., RANDALL G. WILKINS AND JULIE RAE WILKINS
No. 2009 CA 1821.
Court of Appeals of Louisiana, First Circuit.
April 14, 2010.
PHIL E. MILEY, Baton Rouge, LA Counsel for Plaintiff/Appellee Rebel Electric, L.L.C.
LARRY M. ROEDEL, CARLTON JONES, III, Baton Rouge, LA, Counsel for Defendant/Appellant, Jacobs Builders, Inc.
STEVEN B. LOEB, YVONNE R. OLINDE, Baton Rouge, LA, Counsel for Defendants/Appellees, Randall G. Wilkins and Julie Wilkins.
BEFORE: WHIPPLE, HUGHES, AND WELCH, JJ.

NOT DESIGNATED FOR PUBLICATION
HUGHES, J.
This is an appeal from a default judgment based on the contention that the judgment was insufficiently supported by the pleadings and the evidence. For the reasons that follow, we vacate in part and affirm in part.

FACTS AND PROCEDURAL HISTORY
In March of 2006 Jacobs Builders, Inc. ("Jacobs") agreed to construct a commercial building on property owned by Randall Wilkins and Julie Wilkins (collectively "Wilkins") for the price of $465,000.00. Rebel Electric, L.L.C. ("Rebel") was hired by Jacobs as a subcontractor for the project. Jacobs received $405,290.00 from Wilkins, but abandoned the job without completing the building or paying all of the subcontractors.
Suit was filed on September 26, 2008 by Rebel against Jacobs and Wilkins, seeking to recover the amount of $25,705.00, representing the unpaid balance of labor and materials furnished by Rebel on the building project. Wilkins filed an answer on March 10, 2009, which asserted a cross claim against Jacobs for indemnity in accordance with LSA-R.S. 9:4802(F).[1] Wilkins further alleged that the failure of Jacobs to perform the work under the contract resulted in property damages, delay damages, increased fees and expenses, and costs to complete and remediate the work. Wilkins also sought civil penalties against Jacobs, including attorney fees and litigation costs, under LSA-R.S. 9:4814.
On April 16, 2009 a default judgment was rendered on the main demand in favor of Rebel and against Jacobs in the amount of $25,705.00. This judgment was not appealed.
On May 18, 2009 a default judgment was rendered on the cross claim in favor of Wilkins and against Jacobs granting the indemnity claim, as well as awarding $25,705.00 in penalties (pursuant to LSA-R.S. 9:4814(C)), plus $12,436.98 as reasonable attorney fees, along with court costs and interest.[2]
On July 1, 2009 Jacobs filed answers to Rebel's main demand and to the cross claim of Wilkins. On July 17, 2009 Jacobs filed a devolutive appeal of the May 18, 2009 judgment. On appeal, Jacobs asserts the following assignments of error:
1. The trial court improperly rendered judgment in favor of the Wilkins awarding penalties and attorney fees under [LSA-]R.S. 9:4814 since the Wilkins[es] are not within the class of persons entitled to bring such a claim and absent any evidence to support any elements of such a claim.
2. The trial court improperly rendered judgment ordering Jacobs Builders to indemnify the Wilkins[es] for any other persons or entities who assert claims arising from the Wilkins[es'] project without any evidence regarding such claims or whether the claims fall within the scope of [LSA-]R.S. 9:4802(F).

LAW AND ANALYSIS

Penalties and Attorney Fees
In the first assignment of error, Jacobs contends that the award of penalties and attorney fees to the owner Wilkins on the basis of LSA-R.S. 9:4814 exceeded the authority granted in that statute, which provides:
A. No contractor, subcontractor, or agent of a contractor or subcontractor, who has received money on account of a contract for the construction, erection, or repair of a building, structure, or other improvement, including contracts and mortgages for interim financing, shall knowingly fail to apply the money received as necessary to settle claims to sellers of movables or laborers due for the construction or under the contract. Any seller of movables or laborer whose claims have not been settled may file an action for the amount due. including reasonable attorney fees and court costs, and for civil penalties as provided in this Section.

B. When the amount misapplied is one thousand dollars or less, the civil penalties shall be not less than two hundred fifty dollars nor more than seven hundred fifty dollars.
C. When the amount misapplied is greater than one thousand dollars, the civil penalties shall be not less than five hundred dollars nor more than one thousand dollars, for each one thousand dollars in misapplied funds.
D. A contractor, subcontractor, or agent of a contractor or subcontractor who is found by the court to have knowingly failed to apply construction contract payments as required in Subsection A shall be ordered by the court to pay to plaintiff the penalties provided in Subsection B or C, as may be applicable, and the amount due to settle the claim, including reasonable attorney fees and court costs.
(Emphasis added.)
Jacobs asserts that the plain language of this statute authorizes penalties and attorney fees only in favor of a "seller of movables" or a "laborer" who has a claim "due for the construction or under the contract." The owner Wilkins in whose favor judgment was rendered is neither a seller of movables nor a laborer. Jacobs cites to this court jurisprudence holding that when a statute authorizes the imposition of a penalty, it is to be strictly construed: GuiUory v. Lee, XXXX-XXXX, p. 37 (La. 6/26/09), 16 So.3d 1104, 1130; Cosman v. Cabrera, XXXX-XXXX, p. 10 n.7 (La. App. 1 Cir. 10/23/09), ___ So.3d ___, ___ n.7; and Spine Diagnostics Center of Baton Rouge, Inc. v. Louisiana State Board of Nursing ex rel. Louisiana Department of Health and Hospitals, XXXX-XXXX, pp. 19-20 (La. App. 1 Cir. 12/23/08), 4 So.3d 854, 869, writs denied, XXXX-XXXX, XXXX-XXXX (La. 4/13/09), 5 So.3d 163. Jacobs further cites Spine Diagnostics as holding that the doctrine of strict construction requires that these penal statutes and their provisions be given a genuine construction according to the fair import of their words, taken in their usual sense, in connection with the context and with reference to the purpose of the provision. See Spine Diagnostics Center of Baton Rouge, Inc. v. Louisiana State Board of Nursing ex rel. Louisiana Department of Health and Hospitals, XXXX-XXXX at pp. 19-20, 4 So.3d at 869. We agree.
After reviewing LSA-R.S. 9:4814, we conclude that, plainly read, Paragraph (A) provides a right of action only to a "seller of movables" or a "laborer." Thus, only a "seller of movables" or a "laborer" would be a "plaintiff who would be entitled to recover the penalties and attorney fees authorized in Paragraph (D). Inasmuch as a strict construction of the statutory remedy is proper, we must consider the remedy enumerated in the statute to be the only remedy authorized by the legislature; that remedy then is exclusive. See Wright v. DeFatta, 244 La. 251, 260-61, 152 So.2d 10, 14 (1963). Accordingly, the trial court's award of penalties and attorney fees in this case was erroneous and is hereby vacated.[3]

Indemnity for Claims of "Other" Persons/Entities
In its second assignment of error, Jacobs contends the trial court erred in rendering a default judgment that ordered indemnity for claims asserted by "any other persons or entities," to the extent such claims were not made by Rebel, as such indemnity would exceed the scope of the pleadings. Further, Jacobs asserted that no evidence had been presented to show that Wilkins has been subjected to a claim by anyone other than Rebel.
Louisiana Code of Civil Procedure Article 1703 provides: "A judgment by default shall not be different in kind from that demanded in the petition. The amount of damages awarded shall be the amount proven to be properly due as a remedy." This article is essential to prevent the judgment by default from going beyond the scope of the prayer. A defendant may decide not to defend as to a particular prayer for relief, whereas he would defend if relief beyond the prayer were available. If a judgment by default should exceed the amount demanded in the petition, it would be null to the extent of the excess. LSA-C.C.P. art. 1703, Comment. See also Howard v. A & M Construction Company, 93-1013, p. 10 (La. App. 1 Cir. 4/29/94), 637 So.2d 575, 580; Mooring Financial Corp. 401 (K) Profit Sharing Plan v. Mitchell, XXXX-XXXX, pp. 4-5 (La. App. 4 Cir. 6/10/09), 15 So.3d 311, 315-16.
In this case, Wilkins' cross claim against Jacobs for indemnity alleged that "in the event it is determined that Rebel has any valid claim and did suffer any damages to which the law allows a remedy, Jacobs is solely liable for the payment of any and all such amounts which may be determined to be owed to Rebel." Wilkins' prayer for judgment, contained in the cross claim, likewise sought indemnity only for "any and all amounts assessed against Wilkins arising from the claims of Rebel." Thus, Wilkins' cross claim only sought indemnity as to the claims asserted by Rebel and did not assert a claim for indemnity as to any claims by any other persons or entities.
Nevertheless, with respect to the claim for indemnity, the default judgment provided as follows:
IT IS HEREBY . . . ORDERED, ADJUDGED AND DECREED that [Jacobs] shall, pursuant to [LSA-]R.S. 9:4802(F), fully indemnify [Wilkins] for any and all amounts which may be assessed against Wilkins arising from the claims of [Rebel] and/or any other persons or entities who assert claims arisins from the construction project subject of these proceedinss [sic], and [Jacobs] shall be solely liable for the payment of any and all such amounts which may be determined to be owed to [Rebel] in this case.
(Emphasis added.)
In awarding indemnity to Wilkins for the claims of "any other persons or entities who assert claims arising from the construction project subject of these proceedings," the trial court's default judgment exceeded the amount demanded in the cross claim; therefore, this portion of the default judgment is null and is hereby vacated, in part, to the extent indemnity is granted as to any claims other than those asserted by Rebel against Wilkins. In all other respects, the judgment is affirmed.

CONCLUSION
For the reasons assigned, we vacate, in part, and affirm, in part, as indicated herein, the May 18, 2009 default judgment rendered by the trial court in favor of Randall G. Wilkins and Julie Rae Wilkins, and against Jacobs Builders, Inc. The parties shall bear their own costs.
VACATED IN PART; AFFIRMED IN PART.
NOTES
[1] Louisiana Revised Statute 9:4802(F) provides, in pertinent part: "A contractor shall indemnify the owner for claims against the owner arising from the work to be performed under the contract."
[2] The default judgment further stated that "[a]ll other claims are preserved," which presumably encompassed the claim of Wilkins for property damages that was not addressed by the default judgment.
[3] We note that the contract between Jacobs and Wilkins, filed into evidence at the default confirmation hearing, contains no provision authorizing the award of attorney fees upon default by a party thereto.