# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 22-213

**RAFAEL C. COOK**

**VERSUS**

**LAKESIDE FORD, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 53458
HONORABLE JOHN C. REEVES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**VAN H. KYZAR**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Van H. Kyzar, Jonathan W. Perry, and Sharon Darville Wilson, Judges.

**REVERSED AND REMANDED**

Matthew S. Almon
Michael Q. Walshe, Jr.
Stone Pigman Walther Wittmann LLC
909 Poydras Street, Suite 3150
New Orleans, LA 70112
(504) 581-3200
COUNSEL FOR DEFENDANT/APPELLANT:
    Jasper Engine Exchange, Inc.

DeVan Pardue
Pardue Law Firm
P. O. Box 478
Clayton, LA 71326
(318) 757-3984
COUNSEL FOR PLAINTIFF/APPELLEE:
    Rafael Cook

Paul Joseph Mayronne
Bailey D. Morse
Andrew J. Walker
Jones Fussell, L.L.P.
PO Box 1810
Covington, LA 70434
(985) 892-4801
COUNSEL FOR DEFENDANTS:
    Lakeside Ford
    Ferriday Auto Ventures, LLC

**KYZAR, Judge.**

Defendant Jasper Engine Company appeals a default judgment in this breach of warranty action in favor of Plaintiff, Rafael Cook, totaling $115,113.33 in damages. For the reasons set forth below, we reverse the judgment of the trial court and remand this matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Plaintiff Rafael Cook filed this lawsuit on May 21, 2021, naming as defendants Lakeside Ford (Lakeside), an automobile dealership in Concordia Parish, and Jasper Engine Exchange, Inc. (Jasper Engine), an Indiana corporation with a principal business establishment in Tangipahoa Parish. The petition claimed that in October 2018 Plaintiff brought his 2008 Ford F-350 diesel truck to Lakeside in Ferriday, Louisiana for repair, and was advised that the vehicle required a new engine to be purchased from defendant, Jasper Engine. Plaintiff asserts that on October 23, 2018, he paid Jasper Engine $7,645.00 for a new engine, which was then shipped to and installed by Lakeside for an additional $2,466.33.

Plaintiff alleges that on October 15, 2020, the engine, purchased from and installed by the defendants, failed, and he again brought the vehicle to Lakeside for repair and again was advised on October 29, 2020, that the vehicle required a new engine, again to be acquired from defendant, Jasper Engine. Plaintiff then asserts that while he authorized the follow-up repair, the defendants refused to honor their respective warranties for the initial engine purchase and repair, thereby requiring Plaintiff to pay defendants, Jasper Engine and Lakeside, an additional $10,111.30. As a result of the breach of warranty, Plaintiff sought damages for the loss of use of his vehicle, the cost of the engine and installation, and other damages to be proven at trial.

According to the citation filed of record, Jasper Engine was served with the lawsuit on June 14, 2021, through its agent for service of process, Cogency Global, at 9800 Airline Highway, Suite 105, Baton Rouge, Louisiana, evidenced by the service return from the East Baton Rouge Sheriff's Office. Plaintiff filed in the record hereof a report from the Secretary of State for the State of Louisiana showing that Jasper Engine is indeed an Indiana corporation, with its principal business establishment in this state in Hammond, and that Cogency Global is its registered agent for service of process. No answer was filed thereafter on behalf of Jasper Engine.

Lakeside was served on May 24, 2021, and filed an answer and reconventional demand on July 26, naming Plaintiff Raphael Cook as Defendant in Reconvention, asserting therein its correct identity as Ferriday Auto Ventures, LLC., d/b/a Lakeside Ford. In its answer, Lakeside admitted that it advised Cook in October 2018 that a new engine was needed for his vehicle but denied that it required that the new engine be purchased from defendant, Jasper Engine, and that the decision to purchase the engine from Jasper Engine was made solely by Cook. Lakeside did admit that a new engine was shipped to Lakeside by Jasper Engine, and that Lakeside installed said engine in Cook's vehicle, as stated in his petition. Lakeside further admitted that it could not repair the engine when the vehicle was brought back to its shop in 2021. Lakeside claimed damages against Cook for shipping costs, labor costs, and storage costs, asserting that it did not sell the engine in question and was not responsible therefor.

On November 19, 2021, Cook filed a motion for a preliminary default judgment as against Jasper Engine, which was granted by the trial court and signed November 22, 2021. He appeared in court on December 28, 2021, and the preliminary default judgement was confirmed. The trial court signed a formal

2

judgment in favor of Cook and against Jasper Engine for the cost of the engine and installation in the amount of $10,111.33, loss of use of vehicle (14 months at $3000.00/month) $42,000.00, and general damages (14 months at $4500.00/month) $63,000.00, for a total of $115,111.33. Jasper Engine thereafter instituted this appeal. Herein, it asserts as its sole assignment of error that the trial court erred in issuing a defective final default judgment against Jasper Engine, awarding damages without sufficient proof thereof, but instead, based solely upon Cook's vague responses to his counsel's leading questions, and including amounts attributable to a different defendant.

## DISCUSSION

The sole issue presented herein is whether the evidence introduced by Cook and against Defendant Jasper Engine to confirm the default judgment was sufficient to establish a prima facie case. Louisiana Code of Civil Procedure Article 1702(A)[1] states:

> A preliminary default must be confirmed by proof of the demand that is sufficient to establish a prima facie case and that is admitted on the record prior to the entry of a final default judgment. The court may permit documentary evidence to be filed in the record in any electronically stored format authorized by the local rules of the district court or approved by the clerk of the district court for receipt of evidence. If no answer or other pleading is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the preliminary default. When a preliminary default has been entered against a party that is in default after having made an appearance of record in the case, notice of the date of the entry of the preliminary default must be sent by certified mail by the party obtaining the preliminary default to counsel of record for the party in default, or if there is no counsel of record, to the party in default, at least seven days, exclusive of holidays, before confirmation of the preliminary default.

---

[1] Louisiana Code of Civil Procedure Article 1702 was amended and reenacted by Acts 2021, No. 174, § 5, eff. Jan. 1, 2022. The amendment was not retroactive, such that the prior version, cited here, was in effect at the time of the default judgment at issue here.

3

Jasper Engine asserts here that the evidence presented at the default confirmation hearing, consisting of Cook's testimony and exhibits, was insufficient to establish a prima facie case of breach of warranty and damages. On appellate review of a default judgment, we are restricted to determining the sufficiency of the evidence offered in support of the judgment. *Bordelon v. Sayer*, 01-717 (La.App. 3 Cir. 3/13/02), 811 So.2d 1232, *writ denied*, 02-1009 (La. 6/21/02), 819 So.2d 340. This involves the trial court's determination of the evidence's sufficiency, which is a factual issue governed by the manifest error standard of review. *Id.*

Admissible evidence sufficient to establish a prima facie case is required for the confirmation of a default judgment. La.Code Civ.P. art. 1702(A). "[T]he plaintiff must present competent evidence that convinces the court that it is probable he would prevail at trial on the merits." *Wagner v. Alford*, 09-1338, p. 4 (La.App. 3 Cir. 4/7/10), 34 So.3d 1018, 1021 (quoting *Arias v. Stolthaven New Orleans, L.L.C.*, 08-1111, pp. 5-8 (La.5/5/09), 9 So.3d 815, 818). Furthermore, the plaintiff "must prove both the existence and the validity of his claim." *Id.*

> A "prima facie case" is established when the plaintiff proves the essential allegations of the petition, with competent evidence, to the same extent as if the allegations had been specifically denied. *C.L. Morris v. Southern American Insurance Company*, 550 So.2d 828 (La.App.2d Cir.1989); *Howard v. A & M Construction Company*, 93-1013 (La.App. 1st Cir. 4/29/94), 637 So.2d 575. In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail at a trial on the merits. *Rhodes v. All Star Ford, Inc.*, 599 So.2d 812 (La.App. 1st Cir.1992); *C.L. Morris v. Southern American Insurance Company, supra.* Hearsay evidence does not sustain the burden of proving the prima facie case necessary for confirmation of default. *Blackwell v. Daigle*, 317 So.2d 18 (La.App. 3d Cir.1975), *writ denied*, 320 So.2d 563 (La.1975).

> In reviewing a default judgment, an appellate court is restricted to a determination of the sufficiency of the evidence offered in support of the judgment. The presumption that the default judgment was rendered upon sufficient evidence and is correct does not apply where, as in the present case, the testimony is transcribed and contained in the record. In such a case, the reviewing court is able to determine from the record whether the evidence upon which the judgment was based

4

was sufficient and competent. *Meshell v. Russell*, 589 So.2d 86 (La.App.2d Cir.1991).

*Carroll v. Coleman*, 27,861, pp. 3-4 (La.App. 2 Cir. 1/24/96), 666 So.2d 1264, 1266.

Louisiana Code of Civil Procedure Article 1703 further provides that "[a] default judgment shall not be different in kind from that demanded in the petition[]" and that "[t]he amount of damages awarded shall be the amount proven to be properly due as a remedy."

Testimony and evidence were introduced at the hearing to confirm the default judgment here. We note that a plaintiff's testimony alone may be sufficient for confirmation of a default judgment. *Galland v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa.*, 452 So.2d 397 (La.App. 3 Cir. 6/27/84). However, at the confirmation of the default judgment hearing on December 28, 2021, Cook's testimony is largely if not completely the result of leading questions and speculative information presented to him through counsel. These included questions as to the basis of liability and the amount of damages being sought. His entire testimony takes up a total of three pages of the trial transcript.

Q. State your name and address for the record?

A. Rafael Cook. 113 Linwood Drive, Ferriday[,] Louisiana.

Q. And you initiated a lawsuit in this matter against Lakeside Ford and Jasper Engine Exchange?

A. Yes.

Q. Okay. And we've completely settled that are matter with Lakeside Ford, so they are no longer a party for in this suit?

MR. PARDUE:
Or they're actually technically a party, your Honor, but we've settled with them.

THE COURT:
It was Lakeside Ford, et al, I take it?

MR. PARDUE:
Right. That's correct, Judge.

THE COURT:
I got you. Mr. Cook, that means and others. I know we use some of these words we use sometimes.

Q. So you're the owner of a 2008 Ford F-350, right?

A. Yes.

Q. All right. And you purchased it and supposedly had the engine failed in it and then you had -- you paid Jasper Engine Exchange for an engine that was installed by Lakeside Ford in 2018; is that correct?

A. Yes.

Q. All right. And we went over the warranty, and you're familiar with the warranty that I handed the Judge?

A. Yes.

Q. Okay. And that said that they should replace the engine within the time period, and you notified them within the three - year period?

A. Yes.

Q. Okay. And they refused to. And you paid $7,645 for the engine initially plus $2,466.33 to have them put it in?

A. Yes.

Q. And that was Lakeside?

A. Yes.

Q. Okay. All right. Then you returned the engine to Lakeside - the vehicle quit working in October of 2020?

A. Uh-huh.

Q. Okay. Am I correct on that?

A. Yes.

Q. All right. And you had been using the vehicle to deliver - tell us what you were using the vehicle for?

A. To deliver goods and haul my equipment.

Q. Heavy-duty?

6

A. My heavy equipment, yes.

Q. And you did jobs across the state?

A. Yes.

Q. Okay. And your jobs, you were averaging approximately what - when the engine went out, and then what they charged – they told you you had to pay $10,111.33 to replace the engine; is that correct, and they refused to honor the warranty?

A. Yes.

Q. Okay. So the engine - the vehicle presently is still sitting at Lakeside Ford, correct?

A. Correct.

Q. But we have settled with Lakeside Ford, so there's no issue with Lakeside?

A. Correct.

Q. All right. And it's sitting there with no engine in it, correct?

A. Correct.

Q. Because Jasper kept the engine when they sent it back - when Lakeside sent it back to them?

A. Right.

Q. It still has not returned the engine or provided a new one?

A. Correct.

Q. Okay. Now this has been going on since - for 14 months; is that correct?

A. Correct.

Q. Okay. When you were using that vehicle to deliver your heavy-duty trailer and tractors, was that - what were you doing? Was that - what type of business were you in?

A. Small tractor business, rocks, making roads and all that.

Q. Okay.

A. Construction.

7

Q. And before in reference, you have provided me with some receipts, and it shows you were doing things like cleaning steeples for churches, and having to bring heavy equipment to those locations to do that?

A. Yes.

Q. You were earning and the vehicle was - you were - the vehicle - the lack of the vehicle has cost you approximately $3,000 a month since October of 2020?

A. Yes.

Q. And you have also - the business averages, after going through all the calculations, you were about $4,500 a month average it's cost you?

A. Yes.

Q. To do without a vehicle and without being able to deliver your equipment to and from the locations that you were going?

A. Correct.

Q. And you were doing hurricane cleanup and other stuff like that, and it's kept you from doing that as well?

A. Correct.

Q. Okay. So you're asking the judgment in the amount of $3,000 a month for 14 months and $4,500 for 14 months in general damages and the cost of the engine?

A. Correct.

Q. Okay. Answer any questions the Court may have?

THE COURT:
I don't have any. You pray for judgment, Mr. Pardue?

After reviewing the record in its entirety, we find that the testimony and evidence offered at the hearing to confirm the default judgment was inadequate to establish a prima facie case against Defendant, Jasper Engine. As the supreme court in *Arias v. Stolthaven New Orleans, L.L.C.*, 08-1111, p. 7 (La. 5/5/09), 9 So.3d 815, 820, made clear, at the confirmation of a default judgment, "the rules of evidence generally apply."

8

> The plaintiff must follow the rules of evidence even though there is no opponent. "Because at a default confirmation there is no objecting party, to prevent reversal on appeal, both plaintiff and the trial judge should be vigilant to assure that the judgment rests on admissible evidence" that establishes a prima facie case. George W. Pugh, Robert Force, Gerald A. Rault, Jr., & Kerry Triche, *Handbook on Louisiana Evidence Law 677* (2007). Thus, inadmissible evidence, except as specifically provided by law, may not support a default judgment even though it was not objected to because the defendant was not present. 19 Frank L. Maraist, *Civil Law Treatise: Evidence and Proof* § 1.1, at 5 (2d ed.2007).

*Id.* at 820 (footnote omitted).

Leading questions and hearsay alone are not sufficient to establish a prima facie case supporting a default judgment. *Cameron v. Roberts*, 47,789, (La.App. 2 Cir. 2/27/13), 111 So.3d 438. In this case, virtually all of the testimony of Cook was elicited as a result of leading questions by his counsel. Further, no proof was offered showing that the engine purchased from Jasper Engine was defective, or whether the problems experienced were the result of improper installation issues not the fault of Jasper Engine. In addition, Cook offered no written or documentary support for the vague earnings losses and general damages queried about during the examination, alone totaling over $105,000.00, or how such damages were offset by the previous settlement with Lakeside. Accordingly, we find that the trial court erred in rendering the default judgment on insufficient evidence to support a prima facie case of liability and damages, and remand for further proceedings.

## DECREE

For the reasons hereinabove set forth, the judgment of the trial court is reversed, and the default judgment is vacated. The matter is remanded to the trial court for further proceedings not inconsistent herewith. Jasper Engine Exchange, Inc. and Rafael Cook are each to pay their own costs associated with this appeal.

**REVERSED AND REMANDED.**